THE STATE, EX REL. FRED. FRANCL, V. ALBERTUS N.
DODSON.

1.  **Clerk District Court:** ELECTION : MANDAMUS. In an action by mandamus, where it appears that the office of clerk of the district court of S. county became vacant by the removal of M. more than thirty days before the general election of 1886, that upon the canvass of the votes cast at said election, F., the relator, was declared duly elected to said office, which said canvass and declaration is duly evidenced by a certificate of election, issued and delivered to F. under the hand and official seal of the county clerk; that said F. has taken the oath of office, and filed the bond as required by law, which bond was duly approved, and has thereafter demanded the said office and the books and papers belonging thereto of D , who had been appointed to said office by the board of county commissioners, which was refused, *Held*, That a writ of mandamus would issue without inquiry as to the form of the notice of said election or of the ballots cast thereat.

ORIGINAL application for mandamus.

*Abbott & Abbott*, for relator.

*Griggs & Rinaker*, for respondent.

COBB, J.

This case arises upon an application for a mandamus by the relator to the respondent, commanding him to forthwith deliver up to him, the said relator, " the office of the clerk of the district court for Saline county, with all things thereunto appertaining," etc.

The respondent filed his answer to the said relation presenting the several defenses and questions hereinafter referred to.    It appears from the pleadings that at the general election of 1883 the county of Saline, having a population exceeding eight thousand, and therefore, under the provisions of the statute [Comp. Stat. Ch. 26, sec. 7] en-

titled to a separate clerk of the district court, one Charles W. Meeker, was elected to said office, qualified, and entered upon the duties thereof. That on the 6th day of March, 1886, the said Meeker was, by the board of county commissioners of said county, legally removed from said office for cause, and that on the same day the respondent was duly appointed to said office by the said board to fill the vacancy caused by the removal of the said Meeker, and that said respondent duly qualified, entered upon the duties of said office and has continued to fill the same hitherto. It also appears that at the general election held in and for said county on the 2d day of November, 1886, the county clerk of said county, by printed notices duly posted throughout said county, gave notice that a clerk of the district court to fill vacancy would, together with other officers to be elected at said election, be voted for thereat. That both the relator and respondent were candidates for said office at said election. It also appears that on the 8th day of November, 1886, the county clerk of said county duly executed under his hand and official seal and delivered to the relator a certificate in due form of his election to said office at the said election, and that on the 24th day of December, 1886, the relator took and subscribed the oath of office and presented to the board of county commissioners his official bond with sureties, which was approved and filed by the said board. It also appears that on the 6th day of January, 1887, the relator demanded of the respondent the possession of the said office and all of the appurtenances thereto, which the said respondent then and there refused to surrender or deliver up.

The points presented and urged by the respondent may be stated as follows:

1. That no election of clerk of the district court in and for said county could be legally held at the general election of 1886.

2. That if such vacancy could in any event have been

legally filled at that election, then, that in the notices of such election, upon the ballots cast, the canvass made, and the certificate of election issued, the office must be designated as "clerk of the district court to fill vacancy."

3.   That at the said election a majority of the votes cast having the words "for clerk of the district court to fill vacancy" thereon were cast for the respondent and not for the relator.

The first point, if well taken, will certainly defeat the case of the relator.   The respondent was appointed to fill the vacancy caused by the removal of Meeker.   The term for which Meeker was elected will not expire until January, 1888, so that if the general provisions of law on the subject of vacancies do not apply to the office of clerk of the district court he would continue to hold until that time.

Section 7 of chapter 26 Compiled Statutes provides, *inter alia*, that "In each county having a population of eight thousand inhabitants or more, there shall be elected in the year 1879, and every four years thereafter, a clerk of the district court in and for such county."

Section 101 of the same chapter provides that "Every civil office shall be vacant upon the happening of either of the following events at any time before the expiration of the term of such officer as follows: 1. The resignation of the incumbent; 2. His death; 3. His removal from office," etc.   Section 103 provides that "vacancies shall be filled in the following manner.   *   *   *   In county and precinct offices by the county board," etc.   Section 105 provides that "Appointments under the provisions of this chapter shall be in writing and continue until the next election at which the vacancy can be filled and until a successor is elected and qualified," etc.

The respondent contends that under the above provisions no successor in the office of clerk of the district court can be elected until the recurrence of four years from the date of Meeker's election.   This contention is based upon the

language of the 7th section, that the said officer "shall be elected in the year 1879 and every four years thereafter," and that of the 105th section that the appointments to fill vacancies in such office shall "continue until the next election at which the vacancy can be filled." The language of that seventh section is by no means peculiar to the office of clerk of the district court, but precisely the same language is used in respect to the election of every officer therein named except as to the length of their terms of office, and if the position is correct, that no clerk of the district court could be elected except in the year 1879 and in the quadrennial years thereafter, it then follows that no person can be elected to the office of county judge, sheriff, treasurer, or any other county office, except in the odd-numbered years—the year 1879, and each second year thereafter. But it is sufficient to say that the language of section 7 refers to the regular elections of the officers therein named and not to the filling of vacancies.

It is true that section 105 assumes the fact that there are elections at which certain vacancies cannot be filled and that these elections may occur after the happening of the event causing such vacancy. But we need not resort to a strained construction of any provision of the act in order to give a meaning to the language of this section.

Section 107 provides that "vacancies occurring in any state, judicial district, county, precinct, township, or any public elective office, thirty days prior to any general election, shall be filled thereat," etc. To apply this provision to the case at bar, had Meeker been removed less than thirty days before the general election of 1886, that election would have been one at which the vacancy caused by his removal could not have been filled, not because of any peculiarity in the term of the office, but because of the language of the section last above quoted. But as the office became vacant thirty days before said election it was an election at which said office could be filled. I thus reach

the conclusion, and from it I see no escape, that a clerk of district court in and for Saline county could be legally elected at the general election of 1886 whose term of office would expire in the month of January, 1888, and from the certificate of election issued to the relator under the hand and official seal of the county clerk, it appears that the relator was elected to said office. And for the purposes of this action the said certificate is conclusive evidence of the right of the relator to the present possession of the office.

The second and third points are ably presented by counsel for the respondent, and were this a case of *quo warranto*, or one arising on a contest under the statute, they would be entitled to a careful examination and thorough consideration. But these questions do not arise in an action by mandamus. In that form of action the court cannot go behind the canvass evidenced by the certificate of election and inquire as to the notice of election or the form of the ballots cast thereat, but will only inquire as to whether the office is one which could be lawfully filled at said election, and whether the relator by virtue of the canvass thereof has received a certificate of election thereat and has duly qualified for such office by taking the prescribed oath and giving the bond required by law. See *State v. Jaynes,* 19 Neb., 161, and authority there cited. These questions, as we have seen, must be decided in favor of the relator.

A writ of mandamus will issue as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.