30  501
33  269

STATE, EX REL. L. O. HULL, v. GEORGE WALKER.

[FILED SEPTEMBER 30, 1890.]

County Attorney: APPOINTMENT: VALIDITY. Section 25 of chapter 7, Compiled Statutes, 1889, authorizes the county board to fill a vacancy in the office of county attorney by appointment. *Held*, That an appointment made by entering the fact upon the records of the proceedings of the county board is sufficient.

ORIGINAL information in nature of *quo warranto*.

*Albert W. Crites*, for relator, cited: *Ottenstein v. Alpaugh*, 9 Neb., 240; *Bazzo v. Wallace*, 16 Id., 293; *Malick v. McDermots*, 25 Id., 267; *State v. Buffalo Co.*, 6 Id., 460; *Kemerer v. State*, 7 Id., 132; *State v. Harrison*, 113 Ind., 434; *Johnston v. Wilson*, 2 N. H., 202; *State v. Sheldon*, 10 Neb., 452; *Thomas v. Burrus*, 23 Miss., 550; *People v. Woodruff*, 32 N. Y., 355; *People v. Benfield*, 45 N. W. Rep. [Mich.], 135; *McGregor v. Supervisors*, 37 Mich., 388; Mechem, Pub. Officers, sec. 266; *People v. Van Slyck*, 4 Cow. [N. Y.], 324; *People v. Fitzsimmons*, 68 N. Y., 514; *Hoke v. Field*, 10 Bush [Ky.], 144; *Saunders v. Owen*, 12 Mod. [Eng.], 199*.

*Alfred Barlow*, for respondent, cited: *People v. Weston*, 3 Neb., 322; *White v. Blum*, 4 Id., 561; *State v. Palmer*, 10 Id., 205; *White v. Lincoln*, 5 Id., 514; *Sexson v. Kelley*, 3 Id., 107.

NORVAL, J.

This is an action of *quo warranto*, brought in this court in the exercise of its original jurisdiction, to oust the respondent from the office of county attorney of Sioux county, and to install the relator therein. Both relator and respondent claim under appointment made by the board of county commissioners of the county, to fill a vacancy caused by the resignation of the previous incumbent.

It is established by the agreed statement of facts that E. D. Satterlee, the county attorney of Sioux county, tendered his resignation to the board of county commissioners of said county, which resignation was accepted by the board on the 16th day of December, 1889. On the 7th day of January, 1890, the board of county commissioners, consisting of A. McGinley, James Burke, and Don Mc-Weir, met in regular session and took the following action, which was entered upon the commissioners' record, to-wit:

"Lorenzo O. Hull was appointed county attorney, to fill the vacancy caused by the resignation of E. D. Satterlee. The clerk was instructed to notify Mr. Hull."

Pursuant to the instructions of the board, the county clerk wrote and delivered to the relator the following notice:

"HARRISON, NEBRASKA, January 7, 1890.

"HON. L. O. HULL: You are hereby appointed county attorney for Sioux county, Nebraska, to fill vacancy caused by the resignation of E. D. Satterlee.

"By order of the board of county commissioners.

"CHARLES C. JAMESON,
"County Clerk.
"By R. W. WINDSOR,
Deputy."

On the same 7th day of January, 1890, the relator took the oath of office, which was attached to his official bond, and filed the same, with his bond, with the county clerk of said county. The same day the board of county commissioners approved the bond of the relator, and entered a minute of such approval upon the record of their proceedings, and indorsed in writing the following upon the back of said bond:

"Approved by A. McGinly, Don. M. Weir, J. B. Burke, county commissioners."

The relator at once entered upon the actual performance of the duties of the office. On the day that the relator received his appointment, the following communication was sent to him at the request of the county board:

"HARRISON, NEB., January 7, 1890.

"HON. L. O. HULL, County Attorney: You are hereby ordered to give your written opinion regarding the bond of Conrad Lindeman for county clerk, touching its legality regarding its reconsideration and approval.

"By order of the county commissioners.

"A reply is requested by noon January 8, 1890.

"CHAS. C. JAMESON,

"*County Clerk.*

"By R. W. WINDSOR,

"*Deputy.*"

On January 8 the relator delivered to the board an opinion, in writing, as requested. On January 9 the term of office of Commissioner McGinly expired, who was succeeded by John A. Green; and January 11 the term of office of Commissioner Burke expired, and he was succeeded by Charles U. Grove.

The respondent claims title to the office of county attorney by virtue of an appointment made by the board of county commissioners at a regular meeting held on January 16, 1890. The record of the said commissioners' proceedings in relation to the appointment of the respondent is as follows:

"HARRISON, SIOUX COUNTY, NEB., January 16, 1890.

"WHEREAS, On examination of records and papers on file it was found that there was no legal appointment of county attorney, and therefore the office was considered vacant: Motion made by Commissioner Green to proceed to appoint a county attorney to fill vacancy. Motion carried. Green and Grove voting affirmative. Weir, no.

"Objection made by Weir to motion on account of having an attorney. Motion made by Commissioner Green to appoint George Walker as county attorney. Motion carried. Green and Grove voting affirmative. Weir, no.

"Motion made by Commissioner Green that the appointment of George Walker be embodied in the minutes of this meeting. Motion carried. Green and Grove voting affirmative. Weir, no.

"GEORGE WALKER'S APPOINTMENT.

"STATE OF NEBRASKA, ⎱
    SIOUX COUNTY." ⎰

"WHEREAS, E. D. Satterlee, the duly elected county

attorney of Sioux county, at an election held on the 6th day of November, 1888, has tendered his resignation, and the same being accepted, by reason of which the office of county attorney has become vacant: Now, therefore, we hereby appoint George Walker, Esq., county attorney of said county, to hold said office until a successor is elected and qualified.

"(Signed)                    J. A. GREEN,
"(Signed)                    CHAS. U. GROVE,
                " County Board of Sioux County.
"Dated this 16th day of January, 1890."

The foregoing appointment was made in writing, and filed in the office of the county clerk of Sioux county. The respondent immediately qualified, gave bond, and has ever since been exercising the duties of the office, against the protest of the relator.

The main question presented by the record for our determination is, Was the appointment of the relator to the office of county attorney a valid one?

Sec. 25 of chapter 7, Compiled Statutes, 1889, provides that "In case of vacancy in the office of county attorney by death, resignation, or otherwise, the county board shall appoint a county attorney, who shall give bond, and take the same oath and perform the same duties as the regular county attorney, and shall hold said office until his successor shall be elected and qualified."

The legislature, in 1885, created the office of county attorney, and in the same act adopted the above section, providing for the filling of vacancies in that office. The power to fill such a vacancy is vested in the county board. While the section referred to does not prescribe the manner in which the board shall make the appointment, undoubtedly its action in that regard, like all other proceedings of the board, must be recorded by the county clerk in the book containing its proceedings. (Chapter 18, Compiled Statutes, 1889, secs. 73, 74; *Ottenstein v. Alpaugh*, 9 Neb.,

240.) The action of the board of county commissioners in appointing the relator, and the approval of his bond, was entered upon the official records.

It is claimed by the respondent that the appointment of the relator is invalid, because the members of the county board did not make, sign, and file with the county clerk a written appointment, separate and distinct from the record of their proceedings. This contention of the respondent is based upon the provisions of chapter 26 of Compiled Statutes, entitled "Elections." Sec. 103 of that chapter provides that vacancies in county and precinct offices shall be filled by the county board. This is in harmony with the language used in sec. 25, quoted above. Section 105 of the chapter on elections reads : "Appointments under the provisions of this chapter shall be in writing, and continue until the next election, at which the vacancy can be filled, and until a successor is elected and qualified, and be filed with the secretary of state, or proper township clerk, or proper county clerk, respectively."

The chapter on elections became a law in 1879, and at that time there was no such an office in this state known as county attorney, nor did the legislature provide in that chapter for the election of such an officer. Sec. 105 is limited in its application to the filling of vacancies in the offices mentioned in said chapter 26, and does not in any way control the manner of filling vacancies in the office of county attorney. The legislature having, by a separate act, expressly provided for the filling of vacancies in the office of county attorney, the general law on the subject of vacancies does not apply to that officer. It is, however, believed that the appointment of the relator was made within the spirit of section 105. His appointment was in writing, and the entering of the fact upon the records of the county board was, in effect, a filing of the same with the county clerk.

We are very clear in the opinion that the relator's ap-

pointment was legal and valid, and, having qualified and entered upon the performance of the functions of the office, no vacancy existed on January 16, 1890, and the appointment of the respondent was without authority of law The relator is entitled to the office of county attorney of Sioux county, and a judgment of ouster will be rendered against the defendant.

JUDGMENT OF OUSTER.

THE other judges concur.