## STATE, EX REL. JAMES M. EASTERLING, v. R. M. RANKIN.

[FILED OCTOBER 21, 1891.]

1. **Offices:** VACANCIES: CONSTRUCTION OF STATUTES. Where a law creating an office specifically provides how vacancies occurring in such office shall be filled, such provision, and not the general law on the subject of vacancies, governs and controls the method of filling vacancies in such office.

2. **County Attorney:** VACANCY. Where a vacancy occurs in the office of county attorney, it is the duty of the county board to fill the same by appointment, and the appointee will hold his office until a successor is elected and qualified.

3. ———: ELECTION. A county attorney can only be elected at a general election held in even numbered years.

ORIGINAL application for *mandamus.*

*James M. Easterling,* for relator.

*George H. Hastings, Attorney General,* and *Ira D. Marston, contra.*

NORVAL, J.

This is an application for a peremptory writ of *mandamus* against the county clerk of Buffalo county to require him to include in the notices of election the office of county attorney to be voted for at the general election to be held in November, 1891, and to place upon the official ballot, to be voted for at such election, the name of the relator as a candidate for said office.

At the general election held in said county in November, 1890, one James E. Gallispie was elected to the office of county attorney of said county, who filed his official bond, took the oath of office required by law, entered upon the discharge of the duties of his office, and continued to dis-

charge the same until March 4, 1891, at which time he died, and the office became vacant. On the 16th day of March, 1891, one Ira D. Marston was duly appointed to fill the vacancy, filed his official bond, took the oath of office, and thereupon entered upon and is now discharging the duties of said office.

At a convention of the people's independent party, held in said county on the 12th day of August, 1891, the relator was nominated as a candidate for the office of county attorney, to be voted for at the next general election to be held in said county, to fill the unexpired term of the said James E. Gallispie. The certificate of nomination of the relator for said office has been filed in the office of the county clerk of said county. The respondent refused to include in the notices of election the office of county attorney and refused to place the name of the relator as a candidate for said office on the official ballot.

It is claimed by the respondent that there is no vacancy in the office to which the relator seeks to be elected to be filled at the ensuing election.

Section 15, chapter 7, Compiled Statutes, provides "That at the general election in 1886, and every two years thereafter, a county attorney shall be elected in each organized county for judicial purposes, who shall hold the office for the term of two years and until his successor is elected and qualified," etc.

Section 25 of the same chapter provides that "In case of vacancy in the office of county attorney by death, resignation, or otherwise, the county board shall appoint a county attorney, who shall give bond, and take the same oath and perform the same duties as the regular county attorney, and shall hold said office until his successor shall be elected and qualified."

The above sections are the only provisions contained in the act of the legislature creating the office of county attorney, which prescribes the term of office and the method

of filling the same. If they alone govern and control the filling of vacancies in such office, it is obvious that no election can be held to fill the office of county attorney of Buffalo county until the general election in November, 1892, for section 25 provides that a person appointed to fill a vacancy in said office shall hold the same "until his successor shall be elected and qualified," and section 15 only provides for the election of county attorneys in the even numbered years. There is no provision in the county attorney act which refers to the filling of vacancies by election.

The relator insists that the case is governed by the general law on the subject of filling vacancies in public offices by election. Section 107 of chapter 26, Compiled Statutes, entitled "Elections," provides that "Vacancies occurring in any state, judicial district, county, precinct, township, or any public elective office, thirty days prior to any general election, shall be filled thereat," etc.

This being a general provision, applies to all vacancies in public office, except where the legislature has otherwise specially provided. The section as now existing became a law in 1883, at which time the office of county attorney did not exist. The county attorney act was passed in 1885. It is a separate and distinct law, providing the term of such officer, when he shall be elected, his duties, and the manner of filling vacancies therein. It declares, in plain and unambiguous language, that the person appointed to fill a vacancy in such office "shall hold said office until his successor shall be elected and qualified." Had the legislature intended that the provisions of section 107, quoted above, should apply to vacancies in the office of county attorney the legislature would have made no provision in the law creating the office for filling vacancies therein. The law-makers having specially provided the method of filling vacancies in said office, the only conclusion we can reach is that it is exclusive of all others.

A similar question was before the court in *State, ex rel. Hull, v. Walker*, 30 Neb., 501. Hull was appointed by the county board of Sioux county to the office of county attorney to fill a vacancy. His appointment was made by entering the fact upon the official records of the county board. Subsequently, after a change in the membership of said board, Walker was appointed, his appointment being in writing, signed by the members of the county board and filed with the county clerk, in accordance with the provisions of section 105 of chapter 26, Compiled Statutes. It was held that Hull's appointment was valid, and that section 105 did not apply to the office of county attorney. In the opinion it is stated that "Section 105 is limited in its application to filling vacancies in the offices mentioned in said chapter 26, and does not, in any way, control the manner of filling vacancies in the office of county attorney. The legislature having, by a separate act, expressly provided for the filling of vacancies in the office of county, attorney, the general law on the subject of vacancies does not apply to that officer."

The cases of *State, ex rel. Francl, v. Dodson*, 21 Neb., 218, and *State, ex rel. Cooper, v. Hamilton*, 29 Id., 198, cited in brief of relator, do not conflict with the position we have here taken. In the first case it was decided that the provisions of section 107, which we have been considering, applied to vacancies in the office of clerk of the district court, and that a vacancy occurring in such office thirty days prior to any general election could be filled thereat. There is no special law on the subject of filling vacancies in that office, and for that reason it was rightly held that the general provision controlled.

The other case was a contest over the office of councilman of the city of Lincoln. A vacancy occurred in the office of councilman of one of the wards of the city the day prior to the annual city election. The question was whether it could be legally filled at such election. The

charter of the city provides for filling vacancies at general election, but does not provide how long prior to the general election a vacancy must occur in order to be filled thereat. It was ruled that as there was no special provision, the general law controlled.

We are all of the opinion that no election can be held to fill the office of county attorney except in the even numbered years, and that the relator is not entitled to have his name placed upon the official ballot to be voted at the coming election. The writ is

DENIED.

THE other judges concur.