STATE, EX REL. GEORGE S. PETERS, APPELLANT, V. HARRY
E. COLEMAN, APPELLEE.

FILED APRIL 8, 1912.   No. 17,488.

County Officers: FILLING VACANCY: COUNTY ASSESSOR. Where a va-
cancy occurs in the office of county assessor more than 30 days
prior to a general election, the board of county commissioners is
required to fill the vacancy by appointment. In such case the
person appointed holds the office until the next general election,
at which time his successor should be elected for the remainder
of the unexpired term.

APPEAL from the district court for Sheridan county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. W. Crites,* for appellant.

*R. L. Wilhite, contra.*

BARNES, J.

Action in *quo warranto* brought by the relator to oust
the respondent from the office of county assessor of Sheri-
dan county. The information alleges, in substance, that
at the general election of 1907 one Sol B. Pitcher was
elected county assessor of Sheridan county, Nebraska,
for the term of four years, beginning on the first Thurs-
day after the first Tuesday in January, 1908; that he
duly qualified and entered upon and performed the duties
of that office until the last of December, 1910, when he
resigned and removed from the county; that on or about
January 3, 1911, the board of county commissioners, in
writing, duly appointed the relator to fill the vacancy in
said office occurring by reason of such resignation and
removal; that he qualified and entered upon the duties of
the office, and has ever since, up to the happening of the
events hereinafter set forth, been in the full performance
of said duties; that chapter 43, laws 1911, provides that
in all counties one county assessor shall be elected in the

year 1908, and every fourth year thereafter; that said chapter went into effect and force on the 1st day of July, 1911, and has been, and still is, in full force and effect; that thereby the term of office of the relator as county assessor of said county was extended until the first Thursday after the first Tuesday in January, 1913; that he has never resigned or abandoned his said office; that the respondent, Harry E. Coleman, assuming and pretending that there was a vacancy in said office to be filled at the general county election to be held in November, 1911, did cause and procure his name to be placed on the official ballot at said election as a candidate for said office; and did at said election receive a majority of the votes cast thereat for the office of county assessor of said county to fill an assumed and pretended vacancy; that thereafter, and within 20 days, the respondent qualified and took the oath of office in the form prescribed by law, and gave his bond therefor, which bond was, on or about the 13th day of November, 1911, duly examined and approved by the county judge of said county; that ever since that time the respondent has intruded into said office and usurped the power and functions and franchises thereof, and now assumes to hold the same and exercises all the powers, duties and functions of said office, and claims to be entitled to the emoluments and salary thereto annexed. The information concluded with a prayer that the respondent be ousted from, and the relator be installed into, said office. To this information the respondent filed a general demurrer, which was sustained by the district court for Sheridan county, and the action was dismissed. From that judgment the relator has appealed.

The appellant relies for a reversal on *State v. Rankin,* 33 Neb. 266. We are of opinion that this question should not be ruled by that case. The law relating to county assessors simply provides that in case of a vacancy in that office the county board shall fill such vacancy by appointment. Nothing whatever is said as to how long the appointee shall hold the office, and nothing is contained

therein which in any manner conflicts with the general provisions of the statutes upon that subject. It therefore follows that this case must be ruled by such general provisions.

By section 5759, Ann. St. 1911, it is provided that vacancies occurring in any state, judicial district, county, precinct, township or any public elective office, 30 days prior to any general election, shall be filled at such general election. Section 5757 provides: "Appointments under the provisions of this chapter shall be in writing and continue until the next election at which the vacancy can be filled." It therefore seems clear that, when the relator was appointed to fill the vacancy caused by the resignation of his predecessor, his appointment held good until the next general election, which was in November, 1911, and if the provisions of chapter 43, laws 1911, operated to extend the term of the office until the 1st of January, 1913, the person chosen at that time would hold his office for the unexpired portion of the term. This seems to be the view adopted by the district court, and we are of opinion that the demurrer to the information was properly sustained and the action rightly dismissed.

The judgment of the district court is

AFFIRMED.