Alexander v. Overton.

---

ART. ELIZA ALEXANDER, PLAINTIFF IN ERROR, V. JOHN OVERTON AND OTHERS, DEFENDANTS IN ERROR.

**Limitation of Actions:** COUNTY TREASURER'S BOND. An action on the official bond of a county treasurer against such county treasurer and his securities for selling to the plaintiff certain lands for delinquent taxes, which sale is alleged to be void for the want of legal proceedings by the said county treasurer and other taxing officers, as to the time within which the same may be commenced, comes within the provisions of section 14 of the code of civil procedure, and may be commenced at any time within ten years from the time the cause of action accrued.

ERROR to the district court for Otoe county. Tried below before HAYWARD, J.

*Charles W. Seymour*, for plaintiff in error.

*John C. Watson*, for defendant in error.

COBB, J.

The facts set out in the petition in this action, with the exception of names and dates, are identical with the first four causes of action set out in the petition in the case of *Lydia A. Merriam v. Richard H. Miller and others*, disposed of at the present term. As in that case, there was a general demurrer to the petition, which was sustained and judgment for the defendants, and the cause is brought to this court on error by the plaintiff.

The only question argued by counsel in the briefs, as raised by the demurrer, is that of the statute of limitations.

The petition was filed in the office of the clerk of the district court on the 5th day of August, 1886. There is not shown to have been any summons served or issued in the case, but as the defendants appeared in the action and filed a general demurrer to the petition on the 24th day of August, 1886, that will be held to be the date of the commencement of the action. The sales of the several parcels of land by the principal defendant, to the plaintiff, for delinquent taxes are alleged in the several causes of action, as set out in the petition, to have taken place on the 8th day of September, 1876; less than ten years before the commencement of the action as above stated.

Section 14 of the code of civil procedure provides that "An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, or in any case whatever required by statute, can be brought within ten years."

This is an action on the bond of a county treasurer. Although county treasurers are not specifically named in the above section, they clearly fall within the general designation " any other officer," and actions upon their bonds are thus brought within the provisions of the section.

Counsel for plaintiff in error relies upon section 11 of

the code, which provides, in effect, that, "Actions upon a contract, not in writing, expressed or implied; an action upon a liability created by statute other than a forfeiture or penalty" can only be brought within four years.

There doubtless is an apparent conflict between the provisions of the above two sections. But it will be readily seen that the provisions of section 11 are far more general and less specific than those of section 14, which quality would go far to indicate the latter as expressing the will of the legislature as to the points of apparent conflict. This, I think, would be true as to any statute, but more especially so in construing a statute of limitations, where the general clause would tend to limit and shorten the time clearly given by the more specific one.

In the case of *King v. Nichols*, 16 O. S., 80, cited by counsel for plaintiff, the supreme court of Ohio, construing section 17 of their code, which is substantially the same as section 14 of ours, say: "The language of the 17th section of the code expressly limiting actions on official bonds to ten years, leaves no room to doubt that the legislature intended such actions should be subject to that limitation and no other, for to hold that they are constructively limited to a different period would annul that section, and give it no effect whatever."

I conclude, therefore, that neither of the causes of action set out in the petition were barred by the statute of limitations at the date of the commencement of the action, and as no other ground of demurrer is contended for in the brief of counsel, that the demurrer should have been overruled.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.