MYRTLE CURNYN, APPELLANT, V. JOHN J. KINNEY: WILLIAM VICTOR ET AL., APPELLEES.

FILED MARCH 28, 1930.   No. 26823.

*A. M. Morrissey, James H. Hanley* and *C. J. Endres,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, James T. English* and *B. J. Boyle, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson, Eberly and Day, JJ.

Rose, J.

This is an action to recover damages in the sum of $5,-527 for personal injuries. Plaintiff was struck by a motorcycle and injured in Omaha May 4, 1927, while attempting to cross Leavenworth street where it intersects Park avenue. John J. Kinney and William Victor, Omaha policemen, and the surety on their official bonds, the Eagle Indemnity

Company, were sued as defendants. Each bond was payable to the city in the penal sum of $1,000 and conditioned upon the faithful performance of the duties of the policeman. At the time of the collision Kinney was driving the motorcycle and Victor was occupying the seat in a sidecar attachment. Due care on the part of plaintiff and negligence in the operation of the motorcycle were pleaded and copies of the bonds were attached to the petition. The principals and the surety were charged with liability for damages resulting from the alleged negligence.

Kinney and Victor admitted that they were police officers and that plaintiff sustained some accidental injuries at the time and place mentioned in her petition. Otherwise each answer was a general denial.

The surety admitted the execution of the official bonds of Kinney and Victor as policemen and also the collision and resulting injuries to plaintiff, but denied the negligence charged, and pleaded that her own negligence was the cause of the accident; that Kinney and Victor were not at the time acting in any official capacity; that Victor did not have any control over the motorcycle and was not negligent in any particular; that the bonds did not cover liability for negligence resulting in the collision, and that neither principal violated his bond.

At the close of plaintiff's evidence the trial court sustained a motion to direct a verdict in favor of the surety, but the verdict directed was never rendered by the jury and a dismissal as to the surety was not then entered. After Kinney and Victor adduced their evidence on the controverted issues between them and plaintiff, the jury returned a verdict in her favor and against Kinney alone for $1,030.25. There was no finding or judgment against Victor. Kinney did not appeal. From a judgment dismissing the action as to the surety plaintiff appealed.

The surety submitted a motion to the supreme court to dismiss the appeal, one ground being that plaintiff did not file her motion for a new trial within three days. The point is not well taken. Failure to file a motion for a new

trial within three days is not of itself a sufficient reason for dismissing an appeal. The filing of a transcript in the supreme court may confer jurisdiction and present rulings below for review in absence of a motion for a new trial. The transcript imports verity. It is binding on the appellate court and it fails to show that plaintiff did not file her motion for a new trial within three days. In the transcript the first entry relating to the dismissal as to the surety is found in an instruction to the jury April 21, 1928. The motion for a new trial was filed April 24, 1928, or within three days.

Failure to file the transcript in the supreme court within three months from the date of the trial court's dismissal as to the surety is also urged as a ground for the dismissal of the appeal. This position is also untenable. During the trial in the court below, April 20, 1928, the surety made a motion to direct a verdict in its favor. The presiding judge announced from the bench the sustaining of the motion but, as already stated, the jury never rendered the verdict directed. The judgment dismissing the action as to the surety was not entered on the court journal until November 14, 1928. This was the controlling date for the purpose of taking the appeal from the dismissal. Plaintiff filed her transcript in the supreme court November 22, 1928, which was the time required by law. The motion to dismiss the appeal is therefore overruled.

On the merits of the case, plaintiff argues that the dismissal of the action as to the surety was erroneous for the reason that the official bond of Kinney created a liability for damages resulting from his negligence while in the performance of his duties as policeman. On the other hand, the surety contends that a liability of that kind was not within the terms of the bond. On the face of the written instrument itself the city of Omaha is the only obligee. There is no specific provision in the bond itself for the protection of third persons or private individuals. The bond contains a recital that Kinney is a police officer. He obligated himself as such to "faithfully and impartially

perform all his duties as such member of the police department."

There is a line of cases holding that, in absence of statutory authority, a private individual cannot maintain an action on an official bond to a municipality or county as obligee. *Carr v. City of Knoxville,* 144 Tenn. 483, and cases collected in 19 A. L. R. 74, including *Cushing v. Lickert,* 79 Neb. 384. There are also contrary decisions to the effect that such a bond inures to the benefit of a private individual unlawfully injured by a policeman while acting in an official capacity. *City of Cairo v. Sheehan,* 173 Ill. App. 464; *People v. Morgan,* 188 Ill. App. 250; *Scott v. Feilschmidt,* 191 Ia. 347; *Hollister v. Hubbard,* 11 S. Dak. 461; *Town of Lester v. Trail,* 85 W. Va. 386; *State v. United States Fidelity & Guaranty Co.,* 85 W. Va. 720.

In the present instance, however, it is not necessary to follow either of these diverging lines of decisions in determining plaintiff's right to maintain her action against the surety, since there is a statutory grant of that privilege, if Kinney, at the time of the collision, was acting in an official capacity while negligently driving the motorcycle and breaching a condition of his bond. The city of Omaha had power to appoint police officers and require bonds, payable to the city, for the faithful performance of their duties. Comp. St. 1922, secs. 3682, 3489, 5040. Pursuant to an exercise of that power in connection with statutory requirements the bonds in suit were executed. A statute applicable to the bonds of police officers provides:

"All official bonds shall be obligatory upon the principal and sureties, for the faithful discharge of all duties required by law of such principal, for the use of any persons injured by a breach of the condition of such bonds." Comp. St. 1922, sec. 5048.

While the city is the only obligee named in the bonds, the benefits thereof are extended by statute to "any persons injured by a breach of the condition of such bonds." The statutory provision quoted is, by construction, a part of the bond itself, and is binding upon both principal and surety.

*Cutler v. Roberts,* 7 Neb. 4; *Holt County v. Scott,* 53 Neb. 176; *United States Fidelity & Guaranty Co. v. McLaughlin,* 76 Neb. 307. In a recent case the court said:

"Official bonds are conditioned upon the faithful performance of their duties by public officers, and are given and intended for the benefit of the public, and any person, who is injured by the failure of such officer to comply with the conditions of his bond, may sue thereon in the name of the obligee named therein. By executing such a bond the obligor makes the obligee a trustee for any and all persons who are injuriously affected by the breach of its conditions." *Town of Lester v. Trail,* 85 W. Va. 386.

In Nebraska an action is maintainable in the name of the real party in interest. Comp St. 1922, sec. 8525. The right of recovery on the bond of a policeman, conditioned upon the faithful performance of his official duties, extends to negligent acts committed by him in the exercise of municipal authority and resulting in personal injury without any fault of the person injured. *Fidelity & Casualty Co. v. Boehnlein,* 202 Ky. 601; *American Guaranty Co. v. McNiece,* 111 Ohio St. 532, and cases collected in 39 A. L. R. 1306. On authority and reason, the bond in the case at bar covers the negligent act pleaded in the petition.

Was Kinney at the time of the collision performing duty as a police officer? The evidence tends to prove, and the jury found, that, while operating a motorcycle, he negligently collided with plaintiff in a public street and thus injured her. The surety takes the position that he was then acting in a private capacity while transporting himself from one place of duty to another and that consequently the nonofficial act of negligence, if committed, was not a breach of his official bond. The record contains evidence tending to prove the following facts:

The accident occurred about 6 o'clock in the evening, May 4, 1927. Kinney's regular hours of active service as police officer on that day were from 2 o'clock in the afternoon until 10 o'clock at night. At 4:45 he started on the motorcycle for the intersection at Twentieth street and St.

Mary's avenue. After arriving there he performed traffic duty until 6 o'clock, when he left on the motorcycle for the police substation at Thirty-second street and Woolworth avenue, where further official duties were regularly required of him pursuant to order of the chief of police. The collision occurred on the way to the police substation. Kinney was then in the uniform of a policeman during his regular hours of active service. The motorcycle on which he rode was public property in the police service of Omaha.

Proofs of the facts outlined justify the inference that Kinney was acting in an official capacity while transporting himself between the two places where public duty called him at different hours. The motorcycle was not his property. It belonged to the city. While operating it he was engaged in municipal business. It could only be in legal use at the time for police service. Its use by a police officer for a private purpose during his working hours would have been unauthorized. The public at large, observing a uniformed policeman rushing recklessly along a busy street at a high rate of speed on a motorcycle belonging to the city, would not likely infer he was acting in a private or personal capacity. In a recent case the court of appeals of Kentucky said:

"By all the authorities, an official bond for the faithful performance of official duties covers misfeasance, malfeasance, and nonfeasance, as counsel for appellant concede, but their argument assumes negligence in the operation of a motorcycle by a policeman is none of these. Such an assumption has neither authority nor reason to support it. * * * The whole question here then is, was Hamilton's act in negligently driving the motorcycle against plaintiff done by virtue of his office? Admittedly he was patrolling his beat in the manner and with the means provided by the city to enable him to do so. In driving the motorcycle he was doing precisely what his duties required him to do and what he had no right to do except in the discharge of his official duty. He had neither the right to patrol the beat nor drive the motorcycle except as a policeman and there

is no intimation in either the pleadings or the proof that anything he did (except his negligence) was not done in the discharge of his official duty. He was therefore driving the motorcycle by authority of his office, and it was only because of his negligent performance of his official duty that he struck and injured plaintiff. It necessarily follows that the surety upon his official bond is liable for such negligence upon its covenant that he would well and faithfully discharge his duties as a policeman." *Fidelity & Casualty Co. v. Boehnlein*, 202 Ky. 601; followed in *United States Fidelity & Guaranty Co. v. Samuels*, 116 Ohio St. 586, 53 A. L. R. 36.

The better view seems to be that the evidence was sufficient to prove that Kinney, at the time of the collision, was driving the city's motorcycle by virtue of his office as policeman, and that the trial court erred in the ruling to the contrary. It follows that the dismissal of the action as to the surety is reversed and the cause remanded for a new trial of the issues between plaintiff and the surety on Kinney's bond.

REVERSED.