ORLANDO R. NEISIUS, APPELLANT, V. JOHN REX HENRY
ET AL., APPELLEES.

9 N. W. (2d) 163

FILED APRIL 23, 1943. No. 31394.

*Cook & Cook* and *George B. Boland,* for appellant.

*Abbott, Dunlap & Abbott, Munger & Rhodes* and *Fred H. Richards, Jr.,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is a taxpayer's suit to recover a judgment against one Henry and the United States Fidelity & Guaranty Company, his bondsman, for money paid Henry in excess of his statutory salary as chairman of the board of public works of the city of Fremont, a city of the first class. The case was previously heard by this court and an opinion written, *Neisius v. Henry,* 142 Neb. 29, 5 N. W. (2d) 291. In that opinion the court held that the applicable statute of limitations was ten years as provided in section 20-209, Comp. St. 1929. The correctness of this holding was challenged by

the motions for a rehearing filed by the appellees and an oral argument on the motions was allowed on that question only. This opinion will be devoted to a consideration of the question of the applicable statute of limitations.

It is urged by appellees that the applicable statute of limitations is four years as provided by section 20-206, Comp. St. 1929, which is as follows: "Within four years, an action upon a contract, not in writing, expressed or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

Appellant contends that a ten-year limitation is applicable as provided by section 20-209, Comp. St. 1929, as follows: "An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, or in any case whatever required by statute can only be brought within ten years."

The appellees contend that the bond does not create a new cause of action; it simply furnishes security to those who suffer from the wrongs of the officer who is the principal on the bond. It is contended that it is the wrongs of the officer which constitute the basis of action and when it is barred as to the officer, it is barred as to his surety. In support of this rule appellees cite *State v. McKay*, 140 Kan. 276, 36 Pac. (2d) 327. This court, however, in a long line of cases has held that the liability of both principal and surety on an official bond is original and primary and creates a new obligation. *Kane v. Union Pacific Railroad*, 5 Neb. 105; *Ericsson v. Streitz*, 132 Neb. 692, 273 N. W. 17.

It is urged that Henry could have been sued on his statutory liability without joining the surety, and that the statute of limitations would then be four years as provided by section 20-206. We do not disagree with this statement. The difficulty with this argument is that the suit was brought on the bond, which constituted a new, original and primary liability. In discussing this same question in a case where the officer did not sign the bond with his surety, the Ohio supreme court said: "While the plaintiff in er-

ror might have entered into a joint obligation with Officer Roach to the city, and might have required him to assume the obligation of principal therein, and might have limited its liability to that of surety, in which event the liability of Officer Roach under the bond would have continued for nine years after his liability for a violation of his duty imposed by law had been barred by the statute of limitations, yet, had it done so, the extension of the period of the liability of Officer Roach from one year to ten years would in no way have changed the period of liability of the plaintiff in error, and that, while it might have enabled plaintiff in error to recoup from Officer Roach, it was a subject with reference to which plaintiff in error had a right to contract, and, not having done so, it cannot now, to the prejudice of the defendant in error, avail itself of its own failure to so protect itself." *Maryland Casualty Co. v. McDiarmid,* 116 Ohio St. 576, 157 N. E. 321. Consequently, we conclude that whatever the statute of limitations may have been on any cause of action existing against Henry if no bond had been given, or on any cause of action which may have existed against him if he had not signed the bond, his liability and that of the surety company must be determined by the bond and the statute of limitations applicable to a cause of action brought on the bond.

It is contended that the foregoing construction creates a conflict between sections 20-206 and 20-209. This argument was disposed of in *Alexander v. Overton,* 22 Neb. 227, 34 N. W. 629, wherein this court said: "There doubtless is an apparent conflict between the provisions of the above two sections. But it will be readily seen that the provisions of section 11 (now section 20-206) are far more general and less specific than those of section 14 (now section 20-209), which quality would go far to indicate the latter as expressing the will of the legislature as to the points of apparent conflict. This, I think, would be true as to any statute, but more especially so in construing a statute of limitations, where the general clause would tend to limit and shorten the time clearly given by the more specific one."

Our statute, section 20-209, was copied from the statutes of Ohio in 1858 with little change since. In *King v. Nichols,* 16 Ohio St. 80, decided in 1865, the supreme court of that state in construing section 17 of their Code, which was the same as our section 20-209, said: "The language of the 17th section of the Code, expressly limiting actions on official bonds to ten years, leaves no room to doubt that the legislature intended such actions should be subject to that limitation and no other, for to hold that they are constructively limited to a different period, would annul that section, and give it no effect whatever." We are of the opinion therefore that section 20-209 provides the applicable statute of limitations as to suits based on an official bond. Appellees cite *Medow v. Riggert,* 132 Neb. 429, 272 N. W. 238, as authority for their contention. The basis of that decision is that it is governed by a more specific statute (section 20-210) than the section which we here have under consideration (section 20-209). The reasoning of that case is in harmony with our holding that the more specific statute (section 20-209) takes precedence over the more general (section 20-206) as expressing the legislative will.

The principal of the bond in the case now before us was an officer of the city of Fremont. Comp. St. 1929, sec. 16-321. He was required to give a bond in the amount of $5,000 when he assumed the office for each term for which he was appointed as provided by a city ordinance pleaded and proved in the record. Is the bond thus given an official bond within the meaning of section 20-209, Comp. St. 1929? In other words, was the action brought on Henry's bond "an action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer" within the purview of that statute?

This court has held that the bond of a county treasurer is an official bond. *Kane v. Union Pacific Railroad, supra; Alexander v. Overton, supra;* also that of a sheriff, *Turner, Frazer & Co. v. Killian,* 12 Neb. 580, 12 N. W. 101; a county judge, *Ericsson v. Streitz, supra;* a clerk of the district court, *Thurston County v. Farley,* 128 Neb. 756, 260 N. W.

397; a justice of the peace, *Fox v. Meacham,* 6 Neb. 530; and a police officer of the city of Omaha, *Curnyn v. Kinney,* 119 Neb. 478, 229 N. W. 894.

It was held that the ten-year statute of limitations, section 20-209, applied in the following cases: *Alexander v. Overton, supra,* a suit on the official bond of a county treasurer; *Bantley v. Baker,* 61 Neb. 92, 84 N. W. 603, a suit on the official bond of a clerk of the district court. And in *Maryland Casualty Co. v. McDiarmid, supra,* in a case arising under a similar statute of limitations, the court held that a suit on a bond given by a police officer conditioned that he would honestly, faithfully and impartially discharge his duties was an official bond and that action on the bond could be instituted at any time within ten years. We think these cases amply support the contention of appellant that Henry was an officer within the meaning of section 20-209, and that his bond was an official bond within the meaning of that section. While we do not care to be understood as saying that official bonds are those only which are enumerated in chapter 12, Comp. St. 1929, yet we do desire to point out that the bond in suit is an official bond as defined in that chapter. Comp. St. 1929, sec. 12-104.

We are of the opinion that a bond given by a public officer for the benefit of the public and conditioned for the faithful performance of his duties, is an official bond within the meaning of section 20-209, Comp. St. 1929, and that a suit on such a bond may be maintained at any time within ten years from its breach. We conclude therefore that our former opinion was correct in holding that the moneys wrongfully received by Henry more than ten years prior to July 12, 1940, the date of filing this suit, are the only amounts barred by the applicable statute of limitations.

Consequently, we adhere to our former opinion and the motions for a rehearing are overruled.

MOTIONS FOR A REHEARING OVERRULED.