CITY OF BELLEVUE, A MUNICIPAL CORPORATION, SARPY COUNTY, NEBRASKA, APPELLEE, V. WESTERN SURETY COMPANY, A CORPORATION, APPELLANT.

171 N. W. 2d 772

Filed October 17, 1969. No. 37223.

William L. Walker and Earl Ludlam, for appellant.

John E. Rice, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action by the City of Bellevue, Nebraska, to recover upon the official bond of Robert M. Eby, the former county treasurer of Sarpy County, Nebraska. The

defendant, Western Surety Company, was the surety upon the treasurer's bond.

A jury was waived and the action tried to the court. The trial court found generally for the plaintiff. The defendant's motion for new trial was overruled and it has appealed.

The evidence shows that the city delivered its check dated September 15, 1958, in the amount of $2,000 to the county treasurer for credit to its Water Revenue Bond Fund. The treasurer endorsed and deposited the check in his bank account but failed to credit the Water Revenue Bond Fund of the city.

The evidence further shows that the city delivered its warrant dated September 9, 1964, in the amount of $20,000 to the county treasurer for credit to its Water Revenue Bond Fund. The treasurer endorsed and deposited the warrant in his bank account but only credited the Water Revenue Bond Fund of the city in the amount of $16,000.

The $6,000 shortage was discovered after the death of Eby. In September 1966, auditors for the city found that the beginning balance in the ledger account for the Water Revenue Bond Fund did not correspond with the ending balance as shown in the audit report for the previous year. Investigation disclosed that ledger sheets had been substituted since the previous audit. In this manner the shortage had been concealed from the auditors for the city and the Auditor of Public Accounts. The duplicate ledger sheets were found in the office of the county treasurer and are in evidence.

The defendant contends that the evidence is not sufficient to permit a recovery on the bond since there is no evidence as to what happened to the $6,000 that should have been credited to the Water Revenue Bond Fund. The contention is without merit. The bond requires that the treasurer "faithfully discharge all the duties of his said office as required by law." The evidence shows that the treasurer failed to account for $6,000 received by

him. This was a breach of his duties for which the defendant surety is liable. The evidence sustains the finding of the trial court against the defendant.

The action was commenced October 13, 1967, which was well within the time permitted by statute. § 25-209, R. R. S. 1943; Alexander v. Overton, 22 Neb. 227, 34 N. W. 629.

The trial court received in evidence, over objection, ledger sheets pertaining to the Water Revenue Bond Fund account in the office of the county treasurer. These exhibits were identified as records in the office of the county treasurer made in the handwriting of Robert M. Eby, the former treasurer. The exhibits were properly received in evidence.

The trial court excluded from evidence copies of the county treasurer's reports from July 1, 1957, through December 31, 1965. These reports were not material to the issues in the case and were properly excluded. The trial court also excluded from evidence a release executed by the county pursuant to a settlement with the defendant for a shortage in money received from distress warrants. The settlement and release related to a transaction between the defendant and Sarpy County and was not relevant to any of the issues in this case.

It is unnecessary to consider the other assignments of error.

The trial court allowed interest from the date that the checks and warrants involved were deposited in the treasurer's bank account. This was proper since the money was withheld from the plaintiff from that date. § 45-104, R. R. S. 1943; Thomssen v. Hall County, 63 Neb. 777, 89 N. W. 389.

The trial court allowed the plaintiff an attorney's fee of $900. The plaintiff is allowed the sum of $500 for the services of its attorney in this court.

The judgment of the district court is affirmed.

AFFIRMED.