CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. JAMES E. PHILPOTT ET AL.

FILED OCTOBER 5, 1898.   No. 8323.

1. County Judge: ACTION ON BOND: LIMITATION. An action on the official bond of a county judge is barred in ten years after the cause of action accrued.

2. ———: ———: CONVERSION. The failure of a county judge, after the expiration of his official term, to pay over to his successor in office, or the person entitled thereto, money deposited in condemnation proceeding, is a breach of his official bond; and thereupon a cause of action accrues to the person damaged by such breach. *Clelland v. McCumber*, 15 Colo. 355, followed.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Affirmed.*

Chicago, B. & Q. R. Co. v. Philpott.

The opinion contains a statement of the case.

*J. W. Deweese* and *F. E. Bishop,* for plaintiff in error:

Plaintiff contends that defendant Philpott, by virtue of the statute and his bond, received the condemnation money as an express continuing trust for the benefit of the railroad company, with that duty continuing beyond his term; that as such trustee he could not hold adversely to his *cestui que trust* until demand and refusal to deliver; that the statute of limitations did not begin to run against this express trust until July 1, 1892; that consequently the defendants have violated their trust obligation, the action is not barred, and they are liable to the plaintiff for the deposit. (*King v. Nichols,* 16 O. St. 87; *Streitz v. Hartman,* 26 Neb. 49; *Parks v. Satterthwaite,* 132 Ind. 411; *Smiley v. Fry,* 100 N. Y. 262; *Presley v. Davis,* 62 Am. Dec. [S. Car.] 396; *Havens v. Church,* 62 N. W. Rep. [Mich.] 151; *Hayden v. Thompson,* 71 Fed. Rep. 69; *Alexander v. Overton,* 22 Neb. 227; *Cutler v. Roberts,* 7 Neb. 13; *State v. Grand Island & W. C. R. Co.,* 31 Neb. 209; *St. Louis, O. H. & C. R. Co. v. Fowler,* 113 Mo. 458.)

*Lamb & Adams* and *J. E. Philpott, contra:*

The action is barred by the statute of limitations. (*Merriam v. Miller,* 22 Neb. 218; *Clelland v. McCumber,* 15 Colo. 355; *Blackshire v. Atchison, T. & S. F. R. Co.,* 13 Kan. 514; *White v. Wabash, S. L. & P. R. Co.,* 64 Ia. 281; *Owen v. State,* 25 Ind. 107.)

NORVAL, J.

This suit is upon the official bond of James E. Philpott, as county judge of Lancaster county. The court below sustained a general demurrer to the petition, and dismissed the action. Plaintiff prosecutes error.

The petition alleges, substantially, that plaintiff is a corporation and, by consolidation with the Burlington

& Missouri River Railway Company in Nebraska, plaintiff succeeded to all the last named company's rights, privileges, and property on or about January 1, 1880; that the defendant Philpott was elected county judge of Lancaster county for the term commencing in January, 1880, qualified as such officer and gave the bond set out in the petition, with his co-defendants as sureties, which was duly approved, and he took possession of, and occupied, said office for the full term of two years; that in December, 1879, the Burlington & Missouri River Railway Company in Nebraska made application to the predecessor in office of said Philpott for the condemnation of certain real estate in the city of Lincoln for right of way purposes, including lots 14, 15, 16, and 17, in block 70, of said city; that a commission was appointed to view the premises and assess the damages to be paid by the railroad company, which commission made its report to the defendant Philpott, as county judge, April 3, 1880, and on the 7th day of the same month the railroad company deposited with him, as such county judge, the sum of $1,000, being the amount of damages so assessed for the appropriation of said lots, for the use and benefit of the owners of the property; that the land owners declined to recognize as legal and valid the said condemnation proceedings, and in September, 1885, they commenced proceedings against said railroad company to recover said lots, which litigation continued in the courts for several years and until in July, 1892, when it was decided that said condemnation proceedings were invalid and that the railroad company obtained thereby no right or title to said lots; that the $1,000 so deposited with Philpott at all times remained in his possession, and has never been turned over to his successor; that in December, 1893, plaintiff demanded of said Philpott said money, yet he refused to comply with said request, but still retains said money, which was received by him in his official capacity, under the statute, in trust for owners of said lots, if they chose to accept the same; and that said

Philpott has no right, title, interest, or claim to said money or any portion thereof.

The decision of the district court was grounded upon the proposition that the action was barred by the statute of limitations, and while other questions are argued in the briefs, the only one necessary for us to consider is whether the statute had run against the cause of action at the time the suit was instituted. By section 9 of the Code of Civil Procedure it is provided: "Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued;" and section 14 of said Code declares: "An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, or in any case whatever required by statute, can only be brought within ten years." It is too plain to require discussion that under the foregoing provision an action on the official bond of a county officer is barred in ten years after the cause of action accrued. It has been so held as to actions upon county treasurer's bond (*Merriam v. Miller*, 22 Neb. 218; *Alexander v. Overton*, 22 Neb. 227); and the same rule unquestionably obtains as to suits on the bond of a county judge.

The next inquiry is, when did plaintiff's cause of action accrue? It is argued by counsel for plaintiff that the statute of limitations did not commence to run until the invalidity of the condemnation proceeding was finally adjudicated. We cannot yield assent to the proposition. No appeal was taken by either party from the award of the commissioners selected to assess the damages for the appropriation of the lots, so that if the condemnation proceedings were legal, the rights of the parties were fixed and established, and one or the other was entitled to the money deposited not later than the expiration of the time for prosecuting an appeal from the assessment of damages. If the proceedings were without jurisdic-

tion and void at the inception, it required no determina-
tion thereof in collateral actions to entitle the railroad
company making the deposit, or its successor, to recover
the same from the county judge. The money, by reason
of the invalidity of the proceedings to condemn, always
belonged to the depositing corporation and a right of
action accrued in its favor on the official bond, and the
statute began to run, if not on the deposit of the money
with the county judge, at the latest on the failure of such
officer to pay such money, on the termination of his offi-
cial term, to his successor. The condition of Judge Phil-
pott's bond required him to pay over to the person or
officer entitled thereto all money which should come into
his hands by virtue of his office, and faithfully account
for all the balances or money remaining in his hands at
the termination of his office and deliver the same to his
successor or to any other person authorized to receive
the same. The failure of Judge Philpott to pay this con-
demnation money, on the expiration of his official term,
to his successor or to this plaintiff was clearly a breach
of the condition of the bond declared on, and plaintiff
could have at once, and without demand, maintained an
action to recover said money. But it is said that there
is no statutory provision requiring a county judge to turn
over to his successor money deposited with him in con-
demnation proceedings. We do not so construe section
97, chapter 16, Compiled Statutes, the last proviso of
which reads: "That either party may appeal from the
decision of the district court to the supreme court of the
state, and the money so deposited shall remain in the
hands of the county judge until a final decision be had,
subject to the order of the supreme court." The fair in-
ference to be drawn from the language quoted is that the
condemnation money shall be retained by the county
judge, and not by the person who happened to hold that
office when the deposit was made, until the right thereto
is finally determined in appropriate appellate proceed-
ings. The official term of Judge Philpott expired in Janu-

ary, 1882, while this suit was not instituted until June 3, 1895, or more than ten years after the accruing of the cause of action. The bar of the statute is complete. (*Clelland v. McCumber*, 15 Colo. 355, and cases there cited.) The judgment is

AFFIRMED.