WILLIAM W. STEPHENS, ADMINISTRATOR, APPELLANT, V. HOSMER H. HENDEE ET AL., APPELLEES.

FILED FEBRUARY 20, 1908. No. 15,085.

1. **County Judges: BONDS: LIABILITY OF SURETIES.** Sureties on the official bond of a county judge are not liable for money which did not come to the possession of their principal by virtue of his office.

2. ———: ———: ———. Where a county judge receives and takes possession of personal property belonging to the estate of a deceased person prior to the appointment of an administrator, his act in receiving and taking possession of the personal property is not done or performed by virtue of his office; and the sureties upon his official bond are not liable if their principal subsequently converts the property so received and taken to his own use.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*R. M. Proudfit, F. I. Foss* and *R. D. Brown,* for appellant.

*Hall, Woods & Pound, George H. Hastings, Norval Bros.* and *J. E. Addie, contra.*

GOOD, C.

Plaintiff, as administrator, brought this action against Hosmer H. Hendee, former county judge, and his official bondsmen, to recover certain funds and the value of a certificate of deposit belonging to plaintiff's intestate, which, it was alleged, said Hendee had received by virtue of his office as county judge and had converted to his own use. Hendee made default. His bondsmen answered, denying that the fund and certificate were received by Hendee in his official capacity as county judge. The trial court directed a verdict for the defendant bondsmen, and for the plaintiff against the defendant Hendee, and rendered judgment accordingly. From that judgment the plaintiff has appealed.

From the record it appears that one Smith died intestate, possessed of a small sum of money and a certificate of deposit for $3,300. The coroner was called to investigate the cause of his death, but found no occasion for holding an inquest. It appears that Smith had no relatives in that community, and the coroner took possession of the money and certificate, which he found upon the person of the deceased. The coroner then wrote to the county judge asking his advice as to the disposal of the property. In

response to this inquiry Hendee informed the coroner that the property should be turned over to the county judge, that he, as county judge, was the proper custodian of the property, and procured the possession of it from the coroner. A few days later application was made for the appointment of an administrator of the estate of Smith. Pending this application Hendee indorsed the certificate as county judge, and attempted to deposit it to his credit as county judge in one of the banks of Friend. The banker observed that Hendee's indorsement was insufficient, and informed Hendee that it would be necessary to have the certificate indorsed by the administrator. A few days later the plaintiff was appointed administrator of Smith's estate, and upon the same day that he qualified as such administrator Hendee fraudulently procured him to sign an indorsement of the certificate of deposit. It appears that at the time the administrator signed the indorsement he did not know what he was signing, and that he had no intention or purpose of transferring the certificate to Hendee as county judge. Very shortly afterwards the plaintiff learned that he had indorsed the certificate of deposit, and that the same had been deposited in the bank to the credit of Hendee as county judge. He thereupon made demand upon Hendee for the money, and subsequently brought this action to recover it.

The appellant urges that Hendee received the money and certificate by virtue of his office as county judge, or, at least, under color of office, and that in either event, upon his failure to account for the property so received, his bondsmen would be liable. He further urges that the act of Hendee in procuring the administrator to indorse the certificate was in effect an official act, directing the disposition of the estate of a decedent which was being administered in the county court. Appellant grounds his contention upon the theory that the county court has exclusive jurisdiction of probate matters, and the county judge is the only person who i    any authority to order or direct the disposition of the personal property of decedents, and

that in some way the county judge had control over and was exercising an official function in directing the indorsement of the certificate to himself, and that, therefore, the bondsmen are liable for the failure of the county judge to account for and pay over the proceeds of the certificate of deposit. Upon the other hand, the appellees contend that the circumstances under which the county judge came into possession of the money and the certificate were not sufficient to constitute a receiving by virtue of his office, and that, as the administrator never had possession of the personal property and no order was ever made by Hendee as county judge, Hendee received the money and property as an individual, or, at most, under color of office, and his bondsmen are not liable. Appellant contends that the bondsmen are liable, even though the money was received only under color of office, and that the distinction that has heretofore existed between acts done under color of office and those done by virtue of office is no longer considered sound in law. *Hall v. Tierney,* 89 Minn. 407, particularly lends support to this view. But the rule prevailing generally, and particularly in this state, is different. In this state the rule is that sureties on official bonds do not undertake to answer for acts done by their principal under color of office, but only for such acts as are done by virtue of his office. *State v. Porter,* 69 Neb. 203; *Ottenstein v. Alpaugh,* 9 Neb. 237; *State v. Holcomb,* 46 Neb. 612; *State v. Moore,* 56 Neb. 82; *Comstock-Castle Stove Co. v. Caulfield,* 1 Neb. (Unof.) 542; *Snyder v. Gross,* 69 Neb. 340. "Where an officer goes out of the line of his official duty, and acts without the scope of his authority, this action, though done *colore officii,* is not a breach of his bond for the faithful performance of his duty." *State v. McDonough,* 9 Mo. App. 63. In *Wilson v. State,* 67 Kan. 44, it is said: "As a general proposition, the obligation of a surety is *strictissimi juris.* The surety has the right to stand upon the letter of his obligation. That defendants, as sureties upon the official bond of Wilson as county attorney of Rawlins county, are liable only for such sums

of money as he might lawfully receive by virtue of his office as county attorney is too well settled to admit of argument." In Meachem, Public Officers, sec. 284, is clearly pointed out the distinction between acts done by virtue of office and those done under color of office, in the following language: "Acts done *virtute officii* are where they are within the authority of the officer, but in doing them he exercises that authority improperly, or abuses the confidence which the law reposes in him; whilst acts done *colore officii* are where they are of such a nature that his office gives him no authority to do them."

The condition in the bond which is particularly relied upon for a recovery in this case, and which, we think, is the only one under which the bondsmen could be held under any circumstances, is in the following language: "Now, if the said Hosmer H. Hendee * * * shall promptly pay over to the person or officer entitled thereto, all money which may come into his hands by virtue of his said office," etc. It is a rule universally recognized that sureties on official bonds can only be held for such liability as comes within the letter of their contracts. The bond in this case holds the sureties only for acts done by virtue of office, and not under color of office, and they are not liable in this case, unless it can be said that Hendee received the money and certificate of deposit by virtue of his office. Under no circumstances that we can conceive of is the county judge entitled to the custody of the personal effects of a decedent prior to the appointment of an administrator. The record clearly discloses in this case that Hendee obtained possession of the money and the certificate prior to the application for the appointment of the administrator. Under no circumstances could he have had any jurisdiction as county judge to compel or require the property to be placed in his hands. He had obtained possession of the money and certificate by misrepresentation of the law to the coroner, and, while this act may have been under color of his office, yet it was not by virtue of his office.

Stephens v. Hendee.

Appellant further contends, however, that the procuring of the administrator's indorsement upon the certificate of deposit after he had qualified was an official act of the county judge, done by virtue of his office, and that the sureties are liable for the proceeds of the certificate of deposit. We think this contention ill-founded, because the record shows that no order was made by the county judge, and, in fact, the indorsement of the administrator was procured by fraud; he at the time not knowing that he was indorsing the certificate, and not intending thereby to transfer it to the county judge. Hendee already had possession of the certificate, and did not obtain possession by this act, and, even if he had obtained possession of it by this fraud, it was not by any act or purported act as an officer. The language used in *State v. Cottle,* 26 Cir. Ct. Rep. (Ohio) 238, is applicable here. It is there held that the sureties on an official bond are not liable for moneys unlawfully appropriated by him to his own use after it has improperly come into his possession. The money and certificate both improperly came into the possession of Hendee in this case, and a subsequent conversion of the funds to his own use would not render his sureties liable.

Some complaint is made that the court directed a verdict, instead of submitting the facts to a jury for its determination; but this is not strenuously urged, nor do we see how it could be, because the verdict directed was the only one that could be sustained. The facts were not in dispute, and there was no question of fact to submit to the jury, and the court directed a verdict as a matter of law, because the sureties were not liable.

It follows that the judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.