Olivia C. Dillon, appellant, v. Andrew J. Dillon, appellee.

Filed March 27, 1919. No. 20453.

1. **Husband and Wife: Separation Contract: Abrogation.** In the absence of a divorce, a separation contract between husband and wife is abrogated by the renewal of the marital relations.

2. **Homestead: Right of Surviving Wife.** A wife by living apart from her husband without fault on her part does not thereby divest herself of her homestead rights in his property at his death.

3. **Executors and Administrators: Homestead: Possession.** Upon the death of a husband, the homestead in which he was living at the time vests in his widow and heirs, and the administrator of decedent's estate cannot take it into account in administering the estate.

4. ————: ————: **Ejectment.** An administrator who takes possession of a decedent's unincumbered homestead, leases the property, collects the rents, and thus prevents the widow from exercising her homestead rights, acts unlawfully in those respects, and a demand on him by her for possession is not a condition of her right to maintain an action of ejectment against him.

Appeal from the district court for Red Willow county: Ernest B. Perry, Judge. *Reversed, with directions.*

*W. R. Starr,* for appellant.

*J. L. Rice, contra.*

Rose, J.

The action is ejectment for a lot in McCook, with a plea for three month's rent at $8 a month. Plaintiff alleges in her petition that she has a legal estate in and is entitled to the immediate possession of the lot, and that defendant has unlawfully kept her out of possession since March 28, 1917. The answer is a general denial. The jury returned a verdict in favor of defendant, and from a judgment of dismissal plaintiff has appealed.

Plaintiff contends that the verdict and the judgment are contrary to law, and that on the undisputed evidence she is entitled to the relief demanded. Briefly stated, plaintiff's case, as indicated by the proofs, is: George W. Dillon owned the lot, which was unincumbered, lived in a cottage thereon, occupied the premises as his homestead, and held the title thereto at the time of his death in March, 1917. Plaintiff was then, and since November 20, 1906, had been, his wife. Upon his death she was entitled to occupy and use the premises as her homestead. She was at Grand Island when her husband died, and at the time was not notified of his death, though she had intended to return to his home in McCook. During her absence her furniture was removed from her homestead, and Andrew J. Dillon, a son of her husband by a former wife, took possession of the lot, leased it, put his tenant in possession and collected the rents.

The nature of the defense is indicated by evidence tending to prove that plaintiff and George W. Dillon separated as wife and husband pursuant to a written contract in which she renounced her homestead rights; that she abandoned her homestead, and that defendant took possession of the lot and rented it as administrator of the estate of his deceased father. This defense fails for the following reasons: There is undisputed evidence that, at the time of the marriage of plaintiff to George W. Dillon, she had four children which he had agreed to support, but that he subsequently refused to do so. The separation was brought about by the husband. There was no divorce. Afterward he said that the contract had not been recorded and that he would destroy it. He persuaded his wife to renew their marital relations, and she returned to his home and lived with him for some time. Later she again left in compliance with his wishes, but returned from time to time. Before his death he invited her to return, and she intended to do so; her household goods being in the cottage on the lot in controversy.

On these undisputed facts, the law which defeats the defense outlined may be stated as follows: In the absence of a divorce, a separation contract in which the wife renounces her homestead estate in the property of her husband is abrogated by the renewal of the marital relations. *Gaster v. Estate of Gaster,* 90 Neb. 529. A wife by living apart from her husband without fault on her part does not thereby divest herself of her homestead rights at his death. 13 R. C. L. 681, sec. 142. Immediately upon the death of the husband, the unincumbered homestead vested in his widow and could not be taken into account in the administration of his estate. *In re. Hadsell,* 82 Neb. 587. The administrator, therefore, had no right whatever to possession or rentals. In overruling the motion for a new trial and in dismissing the action, the trial court, however, made findings as follows:

"It appears from the evidence that it is undisputed that plaintiff has made no effort to secure possession of the property involved herein," and that there is "no evidence that defendant unlawfully withheld possession of said property from the plaintiff."

There seems to be error in these findings. In his answer defendant denied that plaintiff had a homestead estate in the property and that she was entitled to possession. At the trial he attempted to prove that she had no homestead right in the property of her deceased husband. As administrator of the estate he took possession of the premises, leased the property, collected the rents, and thus excluded her from her homestead. According to the undisputed evidence he asserted a title and exercised a dominion hostile to the established homestead rights of plaintiff and thus kept her out of possession. By his tenant he was in possession. In these respects his acts were, in a legal sense, unlawful. Under such circumstances a demand on defendant for possession was unnecessary. 15 Cyc. 57, note 11. On the undisputed evidence, as the case stood when submitted to the jury, plaintiff was entitled

to relief as prayed in her petition. The judgment below is therefore reversed and the cause remanded to the district court, with directions to enter a judgment in favor of plaintiff for the possession of her homestead as against defendant and for three months' rent at $8 a month with interest and costs.

REVERSED.

LETTON, SEDGWICK and CORNISH, JJ., not sitting.