SELMA L. SMITH, APPELLEE, V. CLIFFORD P. FALL, APPELLANT.

FILED MARCH 18, 1932. No. 28180.

*Sackett & Brewster* and *Loren H. Laughlin,* for appellant.

*Burkett, Wilson, Brown, Wilson & Van Kirk, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Plaintiff recovered a judgment as at common law for damages for injuries caused by negligence of defendant. Defendant appealed.

The petition, both in body and prayer, was in the usual form of a common-law action for damages. It was filed in Lancaster county May 14, 1930. It pleaded that plaintiff was a nurse employed by defendant in a hospital owned and operated by him at Beatrice, in Gage county, and was injured on May 21, 1929, through defendant's negligence, in a defective elevator, while she was riding in it in the duties of her employment. The petition did not state (1) whether either plaintiff or defendant had or had not elected (Comp. St. 1929, sec. 48-112) not to accept the provisions of Part II of the workmen's compensation law, or (2) whether or not defendant had provided compensation insurance or had furnished the compensation commissioner with proof of his financial ability to

pay compensation (Comp. St. 1929, sec. 48-146). Defendant was duly served with process while in Lancaster county. In a common-law action such service is good in the circumstances here shown. He specially appeared for that purpose only and objected to the jurisdiction of the Lancaster county district court. The objection was overruled. Defendant then demurred to the petition on the ground (1) that the court had no jurisdiction over the subject-matter, and (2) that the petition did not state facts sufficient to constitute a cause of action. When the cause came on to be heard on the demurrer, plaintiff requested and was given leave to amend her petition instanter by interlineation. She did this by interlining these words—"and plff states that the dft has rejected the compensation act." No allegation of such fact was in the petition as originally filed.

Thereupon defendant filed his special appearance for that purpose only and objected to the jurisdiction of the court over him on the ground that the petition, as amended, stated an entirely different cause of action against him than the original one in which summons was served on him. Having made no general appearance to this amended petition, he challenged the jurisdiction of the court over his person. The court overruled this special appearance. Defendant answered, preserving his objections to the jurisdiction. The cause was duly heard before a jury, resulting in a verdict and judgment against defendant.

Defendant's theory is that the original petition stated a cause of action under Part II of the compensation law. If it did so, the district court had no jurisdiction. For such claims must first be submitted to the compensation commissioner for an award. If either party is dissatisfied with the award, then the matter may be submitted to the district court. Comp. St. 1929, sec. 48-137. If the process served on defendant was based on an original petition for compensation, of which the district court had no original jurisdiction, then the amendment of the petition so as to

state a common-law action affirmatively was in effect the commencement of a new action in which it was necessary to serve defendant with process.

The real question therefore is whether the original petition stated a cause of action independent of Part II, as claimed by plaintiff, or whether it showed the parties to be under Part II of the compensation law, as asserted by defendant.

The application of section 48-112, Comp. St. 1929, is indispensable to the sustaining of the position of defendant. So much of that section as declares the elemental basis of the presumption to be indulged is quoted as follows:

"In the occupations described in section 97 (48-106) hereof, and all contracts of employment made after the taking effect of this act shall be presumed to have been made with reference, and subject to the provisions of Part II (48-109 to 48-115) hereof unless otherwise expressly stated in the contract, or unless written or printed notice has been given by either party to the other, as hereinafter provided, that he does not accept the provisions of Part II. Every such employer and every employee is presumed to accept and come under Part II hereof, unless prior to accident he shall signify his election not to accept or be bound by the provisions of Part II."

The call in the statute must find its affirmative answer in the pleading before the presumption becomes effective as an applicable rule of law. The very first element stated in the section is that it is applicable to "all contracts of employment made after the taking effect of this act." The legislative intent was that contracts of employment theretofore made were not affected. The act was approved, without any emergency clause, April 21, 1913. Laws 1913, ch. 198. Section 12 of this original act contained the exact phrase above quoted. The petition does not tell when the contract under which plaintiff was employed was made. It merely says: "That on or about the 21st day of May, 1929, and for some time prior thereto, plain-

tiff was employed by defendant in said hospital and sanitarium as a professional nurse." The objections to jurisdiction on behalf of defendant entitle him to a technical search of the petition. Plaintiff, reciprocally, is entitled to any fruits of such an examination. We do not know from the petition whether the contract of employment was "made after the taking effect of this act" or before. The petition alleges that plaintiff was 39 at the time of her injury. It is readily conceivable that she may have been employed by defendant as a nurse before the compensation law went into effect. If she was, then the contract would not be subject to Part II of the law.

"A 'presumption' is a rule of law that courts or juries shall or may draw a particular inference from a particular fact or from particular evidence, unless and until the truth of such inference is disproved." Lawson, Law of Presumptive Evidence (2d ed.) 639. It follows that if a particular fact, upon which the rule requires the inference to be based, is not shown to exist, then the presumption cannot be indulged. This is especially true where, as here, the statute states the particular fact upon which the presumption must be based. In this instance, because it arises upon a special appearance and objection to the jurisdiction, we must find definite evidence of the particular fact within the language of the petition. No such fact appears there. Therefore the presumption does not exist. The district court was right in overruling the objections to the jurisdiction.

No assignments of error refer to any other subject. The judgment of the district court is

AFFIRMED.