FRED ERICSSON, APPELLEE, V. ALEX F. STREITZ ET AL., APPELLANTS.

273 N. W. 17

FILED APRIL 30, 1937. No. 29865.

694

*E. H. Evans, Urban Simon* and *Hoagland, Carr & Hoagland,* for appellants.

*George B. Dent, Jr., Shuman & Overcash* and *F. J. Byrd, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

ELDRED, District Judge.

Peter S. Ericsson died testate in Lincoln county in 1923, and his will was probated in that county. Fred Ericsson,

plaintiff and appellee herein, was a residuary legatee under said will. On January 2, 1925, a decree was duly entered by the county court directing that the executor pay to Fred Ericsson the sum of $1,951.75 as his share of the residuary estate. Fred Ericsson, plaintiff herein, had not, up to that time, appeared in the probate proceedings, and possibly had not been in the county since about 1908. The executor was not at the time the order was made able to locate plaintiff, and on October 2, 1925, the executor of the estate of Peter S. Ericsson, deceased, paid to the defendant, appellant, Alex F. Streitz, the county judge of said county, $1,951.75, distributive share of plaintiff, Fred Ericsson. This money was deposited by appellant Streitz, as county judge, in the Platte Valley State Bank in the name of "A. F. Streitz, County Judge, Estate of Fred Ericsson." The bank failed and the money was lost. Appellant Streitz retired from the office of county judge January, 1929. He did not turn this fund over to his successor in office. None of the money was ever paid to plaintiff.

June 8, 1932, Fred W. Ericsson, first cousin of Fred Ericsson, plaintiff, filed a petition for the probate of the estate of Fred Ericsson, alleging that Fred Ericsson, plaintiff and appellee herein, had been missing and lost for more than seven years. On June 30, 1932, a decree was entered by the county court wherein it was found that Fred Ericsson "disappeared during the year of 1908 and is presumed to be dead," and ordering administration of his estate. April 24, 1934, an inventory was filed in said last-mentioned proceeding scheduling as assets a claim against the defendants, Alex F. Streitz and Fidelity & Deposit Company of Baltimore, Maryland, his bondsman, appellants herein, for the sum of $1,951.75, being the item involved in this action. No order was made for the distribution of this fund in those proceedings. March 7, 1935, Fred Ericsson, appellee, filed in the county court an application for the dismissal of the proceedings for the probate of his estate, which application is not shown to have been acted upon.

March 14, 1935, Fred Ericsson, as plaintiff, commenced

in the district court for Lincoln county this action against Alex F. Streitz and Fidelity & Deposit Company of Maryland, defendants, upon the official bond of defendant Streitz, as county judge, on which the surety company was surety, to recover the amount decreed by the county court to be due the plaintiff as residuary legatee under the will of Peter S. Ericsson, deceased, $1,951.75, with interest, costs and attorney's fees.

Answer of defendant Streitz pleads, first, a denial; second, the finding in the county court that Fred Ericsson "disappeared during the year of 1908 and is presumed to be dead," was binding, unappealed from and *res judicata* upon the matter of death of plaintiff; third, the statute of limitations and laches; fourth, that plaintiff never identified himself before the county court as an heir of Peter S. Ericsson, and that the county court had exclusive jurisdiction of probate matters. Answer of the surety company raises all issues raised by the answer of defendant Streitz, and further pleads that the money sought to be recovered by plaintiff was not received by the defendant Streitz in his official capacity, but as an accommodation to the administrator of the estate of Peter S. Ericsson, deceased; and that the surety upon his bond was not liable therefor; and, further, that Streitz acted in good faith, without negligence, in depositing said money in the Platte Valley State Bank.

Trial was had before court and jury. After both the plaintiff and the defendants had rested, all parties moved for a directed verdict. Jury were discharged and court entered judgment in favor of the plaintiff and against both defendants for $1,951.75 with interest at 7 per cent. from the date of the judgment, December 5, 1935; taxed all costs to the plaintiff, and denied recovery of attorney's fees. Motion of plaintiff to retax costs was overruled, and motion of plaintiff and separate motions of defendants for new trial were overruled. Defendants have appealed from judgment, and plaintiff has filed a cross-appeal from that part of the judgment disallowing interest and denying recovery of costs and attorney's fees.

Error is assigned by appellant surety company that the court erred in permitting the plaintiff to amend his petition during the progress of trial by changing the date on bond, "Exhibit A," attached to plaintiff's petition. While the transcript does not indicate that an exhibit was attached, the bond purports to be set out in full in petition. It is contended that the copy before the change was permitted was dated the 31st day of December, 1925. The petition alleges that the bond was executed December 31, 1924; the petition further alleges that bond was filed January 3, 1925, where it was recorded; and that it was approved January 8, 1925. It is thus evident that in indicating by the purported copy of bond that it was dated December 31, 1925, instead of December 31, 1924, there was a typographical error. The record does not disclose the appellants to have been prejudiced by the amendment. The amendment was properly permitted. Comp. St. 1929, sec. 20-852.

Appellants contend that the petition, on its face, shows the action to be barred by the statute of limitations, and the following statutory provisions are cited:

"Within four years, an action upon a contract, not in writing, expressed or implied; an action upon a liability created by statute, other than a forfeiture or penalty." Comp. St. 1929, sec. 20-206.

"An action for relief not hereinbefore provided for can only be brought within four years after the cause of action shall have accrued." Comp. St. 1929, sec. 20-212.

The appellant Streitz' term of office expired January 3, 1929. It was his duty, upon the expiration of his term of office, to pay to his successor in office any fees, moneys, costs, legacies, devises or money due any heir or other person, in his possession, which had not been paid to the persons entitled thereto. Comp. St. 1929, sec. 27-546.

The condition of defendant's official bond conforms to the requirements of section 12-112, Comp. St. 1929, providing:

"All official bonds shall be obligatory upon the principal

and sureties, for the faithful discharge of all duties required by law of such principal, for the use of any persons injured by a breach of the condition of such bonds."

If the fund involved herein was held by appellant Streitz in his official capacity as county judge (which question will be considered later) and he failed to pay it to his successor in office at the expiration of his term, the cause of action accrued at that time. It is urged by appellants that plaintiff's cause of action as against Streitz was on a liability created by statute and barred in four years; and that the liability of the surety company as surety on the official bond, which defendant contends is a collateral obligation, is also barred. A number of authorities are cited from other jurisdictions in support of this position. We do not deem it essential to analyze or distinguish those citations in this opinion. The allegations of plaintiff's petition make this action, in substance and in form, an action upon an official bond, not on a liability created by statute. The question here considered appears to have been settled by this court, adverse to the contention of the appellants, in an early case brought against the county treasurer and his bondsman on an official bond to recover for illegal fees collected by such officer. "In such case the liability of both principal and sureties in his bond, is original and primary; and the action lies against both without having first sued the officer for the tort." *Kane v. Union P. R.*, 5 Neb. 105.

This holding was cited with approval in *City of Scottsbluff v. Southern Surety Co.*, 124 Neb. 260, 246 N. W. 346, and appears never to have been departed from by this court as to the point here involved; although *Kane v. Union P. R., supra,* was apparently overruled by *Hurlburt v. Palmer,* 39 Neb. 158, 57 N. W. 1019, on a question of jurisdiction. We conclude that the liability of both appellants, as principal and surety on the bond sued upon, is original and primary, and as to time of commencement of action to be governed by the provisions of section 20-209, Comp. St. 1929, providing: "An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff,

or any other officer, * * * can only be brought within ten years." See *Chicago, B. & Q. R. Co. v. Philpott,* 56 Neb. 212, 76 N. W. 550.

Was the fund involved received by appellant Streitz by virtue of his office as county judge? Streitz, in his brief, states: "The executor merely turned over the share of money due Fred Ericsson to Tillie Blankenburg, clerk of the county court, who receipted therefor." On the part of the appellant surety company it is urged that Streitz received the money, not as county judge, but as an individual. Attention is directed to the provisions of section 27-545, Comp. St. 1929, and it is suggested that the "County Judge, Alex F. Streitz, never made or entered an order directing the executor to turn over to the county judge the share which was found due Fred Ericsson." The section last cited provides: "In case of an executor of a last will and testament, which has been admitted to probate in any county court in this state, * * * upon making a satisfactory showing to the court of the inability of such an executor to find any legatee or devisee named in the will, * * * it shall be lawful for any executor * * * to pay the county judge of the county having the settlement of such estate in charge, the amount of such legacy, devise or sum so ordered paid * * * for the use and benefit of such persons." Under this provision appellant Streitz was authorized as county judge to receive such money. The decree entered by the county court ordered distribution to Fred Ericsson "address unknown." The following excerpt from the testimony of appellant Streitz, not only indicates that he considered that the plaintiff, Fred Ericsson, could not then be found, but, also, that the money was paid into court and how it was disposed of:

"Q. Relate, as near as you can, the circumstances attendant upon the final windup of the estate. A. The estate was slow in being settled on account of some of the heirs being in Sweden, and the last heir was the plaintiff in this case, and his share was brought into court. He could not be found. Q. Who brought that in? A. That was brought in

by Mr. Kelly. Q. In what shape was it brought in? A. In a check, if I remember rightly, a check from his own bank in Gothenburg. Q. Did you take that check? A. Yes, sir. Q. And what did you do with it? A. I deposited it in the Platte Valley Bank. Q. Did you receive any evidence of the deposit? A. Yes; at the time I got a little book, called Savings Book. Q. Did you afterwards change the character of the deposit, the manner it was deposited there? A. No; I think not. Q. You had a Savings Book at all times? A. Yes, sir. Q. What became of that? A. That was turned in with the claim that I filed with the receiver of the bank after it failed. Q. This deposit remained in the bank continuously, did it, until the failure of the Platte Valley Bank? A. Yes, sir."

It is the contention of the defendant surety company that Streitz received plaintiff's, Fred Ericsson's, share of Peter S. Ericsson's estate as a matter of convenience from the executor of said estate, to hold and deliver to an administrator, to be later appointed for the estate of Fred Ericsson, who, it is claimed, was supposed to be dead at that time. In the opinion of the court the evidence does not support such contention. The money received was money belonging to Fred Ericsson, a devisee under the will of Peter S. Ericsson, and had been ordered paid by the county court to Fred Ericsson. No other or different order was ever made as to its disposition. The executor, as authorized by the statute, section 27-545, Comp. St. 1929, paid the money to the county judge. The county judge was authorized to receive and hold it for the use and benefit of the person entitled thereto. In so doing, both parties to the transaction were acting within the scope of their authority as such officers. No presumption will be indulged in that they were acting otherwise in the absence of proof. Whatever presumption of the death of Fred Ericsson may have existed at any time has been very clearly refuted. The county judge was apparently satisfied that the whereabouts of this devisee was not known at the time he received the money. He alone had authority to say whether "satisfactory show-

ing" had been made. In any event, having acted upon the tender made him by the executor and accepted and retained the money, he cannot now successfully urge a want of satisfactory showing for such payment, or that he never made or entered an order directing the executor to pay the money to him. He having acted within the scope of his authority as county judge, his actions were by virtue of his office, even though he may have exercised that authority irregularly. We conclude that the funds involved herein were received by appellant Streitz in his official capacity as county judge.

Appellant surety company cites in support of its contention that the money was not received by Streitz in his official capacity, *Stephens v. Hendee*, 80 Neb. 754, 115 N. W. 283. That case is readily distinguished from the instant case. In *Stephens v. Hendee, supra*, the county judge requested that the property be turned over to him and he received it at a time when no administration proceedings were pending; he was not acting at the time in his official capacity nor within the scope of his authority.

Section 27-546, Comp. St. 1929, made it the duty of the appellant Streitz, upon expiration of his term of office, to pay to his successor in office all legacies, devises or moneys due any heir or other person, in his possession, which had not been paid to the persons entitled thereto. The appellant Streitz never paid the money to his successor in office, and his failure to do so constituted a breach of the conditions of his official bond for the faithful discharge of all duties required by law.

It is urged that plaintiff, appellee, was guilty of laches barring his recovery. Plaintiff's cause of action accrued January 3, 1929, at the time when appellant Streitz retired from office; this action was commenced March 14, 1935, a little more than six years after the cause of action accrued, and well within the ten-year period of the statute of limitations. "When suit is brought within the time fixed by the analogous statute of limitations, the burden is on the defendant to show the existence of circumstances

amounting to laches." *Baxter v. National Mtg. Loan Co.,* 128 Neb. 537, 259 N. W. 630. Generally, in such case, lapse of time alone, short of the period of limitations, will not operate as a bar. The case presents question of delay alone, without evidence that plaintiff had any actual notice of his own rights, or of any prejudice to the defendants in the making of their defense, or of any intervening claims of third parties. While laches is a creature of equity, yet, if the doctrine of laches was applied to this, a law action, neither the pleadings nor the proof are sufficient to establish such defense.

It is urged that district courts are without jurisdiction to determine heirship. These proceedings were not instituted to determine heirship, but were brought by a legatee whom the county court had found to be entitled to participate in the residue of the estate involved. The county court in the matter of the estate of Peter S. Ericsson, deceased, by its final decree entered January 2, 1925, specifically found who were entitled to participate as residuary legatees under such will, and the amount each was entitled to receive. The plaintiff was one of those found by the county court to be a residuary legatee and is here suing, not to establish that he is an heir, but for the recovery of the amount found by the county court to be due him.

Section 27-546, Comp. St. 1929, provides: "It shall be the duty of the county judge to pay to * * * any legatee or devisee, the amount of any legacy, or devise, held by the county judge, as aforesaid, upon proof, to the satisfaction of the judge, of the identity of such person." It is contended, under this statute, that the county court has exclusive jurisdiction to determine identity of the claimant. It will be observed that this section relates to funds "held by the county judge." Here the county judge succeeding the appellant Streitz did not have the money; it was not under his control, never having been paid to him by his predecessor in office, the appellant Streitz. Streitz having retired from office, the fund was not thereafter held by him as county judge. This provision of the statute referred to

applies only in cases where the county judge has the money; then, on proof of identity, he is required to pay the money to the person entitled thereto; it has no application to a situation such as presented by this case.

The appellant Streitz attempted to make a settlement with the board of county commissioners when he retired from office, and claims to have filed a report disclosing disposition of fund involved herein; and that the report was approved by said board. The county commissioners are not vested with any authority to settle such a claim. The filing of such a report as to disposition of said fund with the board of county commissioners and securing its action thereon was futile and unavailing.

The proceedings instituted in the county court for the probate of the estate of Fred Ericsson, appellee, wherein the county court, on the 30th day of June, 1932, made the finding "that Fred Ericsson late of Lincoln county disappeared during the year 1908 and is presumed to be dead, intestate," are urged as *res judicata* as to the appellee's right to the fund involved herein at this time. In those proceedings an administrator was appointed and qualified, and filed an inventory scheduling the claim against the appellants herein as the only property of his estate. No disposition was made or attempted to be made of said money or claim in those proceedings. Those proceedings were had prior to the enactment of the present statutory provisions relative to the administration of the estates of persons absent seven years. While the county court found that by the absence of Fred Ericsson he "is presumed to be dead," such presumption did not take the case out of the operation of the general rule on the subject; and it being made to appear that he was in fact alive at the time such administration was granted, the proceeding for the administration of his estate is void. 23 C. J. 1007; *National Surety Co. v. Wages*, 48 Ga. App. 720, 173 S. E. 451; *Bank of Jonesboro v. Wilson*, 43 Ga. App. 839, 160 S. E. 653. In such case the presumption disappears when evidence has been produced showing that the party was in fact alive. *Smith v. Fall*,

122 Neb. 783, 241 N. W. 560; *Auld v. Auld,* 122 Neb. 576, 240 N. W. 756. In this case the identity of the appellee, Fred Ericsson, is established by the decisive weight of evidence.

It is further contended by appellants that the county judge was not an insurer and that he is not personally liable for funds deposited in a bank and lost by the failure of the bank in the absence of negligence in selecting depository; and that the holding, as applied to executors and administrators, in *Bank of Crab Orchard v. Myers,* 120 Neb. .84, 231 N. W. 513, should be extended to apply to county judges. The identical argument presented in this case appears to have been presented in the case of *Knox County .v. Cook,* 126 Neb. 477, 253 N. W. 649. The opinion in the latter case by Good, J., while recognizing the correctness of the holding in *Bank of Crab Orchard v. Myers, supra,* as to administrators, states:

"However, the courts generally take a different view with reference to state and county officials, and the greater number of them hold to the effect that such officials are liable on their official bonds for the loss of any funds committed to their care by virtue of their office, except where the loss is occasioned by the act of God or the public enemy. For a half century this court has been committed to the doctrine of strict accountability."

The taking of the case from the jury by the trial court is assigned as error. The journal entry of the proceedings at the time of trial, after showing that plaintiff and both defendants rest, recites: "Thereupon the plaintiff moved the court that a verdict be directed for the plaintiff for the amount sued for herein, for interest and for attorney's fees, and the defendants also moved that a verdict be directed in favor of the defendants. Both .sides having moved for a directed verdict the jury were thereupon discharged by the court and the cause taken under advisement by the court with leave granted to all parties to submit to the court any brief they desired to submit." The report of the oral proceeding as embodied in the bill of exceptions con-

tains the following: "Mr. Evans: The defendants make the same motion to direct a verdict as made at the close of plaintiff's case. * * * The defendants severally move that the jury be instructed to bring in a verdict for the defendants for the reason," which is there set out. Plaintiff's motion for a directed verdict is then shown. Then follows a statement by the court: "The Court: Let the record show that all parties having moved for a verdict to be directed in their favor, the jury were discharged and the cause will be submitted to the court and various counsel will be allowed to present arguments and briefs at a later date." Appellant surety company argues that the records are erroneous in showing that it joined in the motion for a directed verdict. But the records import verity and this court will not look beyond the record for the history of what occurred at the trial. All parties appearing to have moved for a directed verdict, the court did not commit error in taking the case from the jury.

By cross-appeal error is assigned in the refusal of the court to allow and include interest on the amount found due plaintiff and for which judgment was rendered, and to award costs against both defendants, and in failing to tax attorney's fees as against the appellant surety company. Funds in possession of the county judge due an heir or devisee would not bear interest until demand for payment was made. Section 27-546, Comp. St. 1929, makes it the duty of the county judge to pay the person entitled thereto any such fees, moneys and costs "upon application" and proof of identity. He is only required to pay upon application or demand. No demand for payment appears to have been made prior to bringing of this action. Bringing the action was the first demand. Plaintiff was not entitled to recover interest prior to that time.

The appellants urge that there was a failure on the part of the plaintiff to furnish proof of identity. Had the defendants withheld payment only for want of proof of identity, or indicated any willingness to pay on proof of identity being furnished, there would have been merit in the refusal

to award interest and costs until proof of identity was furnished. But, in this case, appellants denied any liability whatever to appellee, and contested his right to any recovery on numerous grounds other than the question of identity. Under such circumstances, plaintiff was not only entitled to recover interest at the rate of 6 per cent. per annum from the date of demand, the commencement of this action, but, under the provisions of section 20-1708, Comp. St. 1929, should have been awarded costs incurred in this case.

Should the plaintiff have been allowed an attorney's fee as against the defendant surety company, to be taxed as a part of the costs, in addition to the amount of his recovery? It has been held that section 44-346, Comp. St. 1929, was authority for the allowance of a reasonable attorney's fee for plaintiff as against the defendant surety company in a similar case. "Where judgment is properly rendered against a surety company on an official bond, a reasonable attorney fee may be taxed as costs in favor of obligee." *City of Scottsbluff v. Southern Surety Co.*, 124 Neb. 260, 246 N. W. 346.

On appellants' appeal, the judgment of the district court is affirmed. On the cross-appeal, the judgment is modified; and interest is allowed on the amount for which judgment was rendered from the commencement of this action, March 14, 1935, at the rate of 6 per cent. per annum, and all costs of this action are taxed to defendants, Alex F. Streitz and Fidelity & Deposit Company of Maryland. No attorney's fee having been allowed plaintiff by the district court, this court finds and allows plaintiff an attorneys' fee, for services of attorneys in the district court, as against the defendant Fidelity & Deposit Company of Maryland, in the sum of $200; and for services performed by attorneys for the plaintiff in the supreme court, as against defendant Fidelity & Deposit Company of Maryland, an attorneys' fee of $100 is allowed and will be taxed as costs.

AFFIRMED AS MODIFIED.