THURSTON COUNTY ET AL., APPELLANTS, V. JAMES CHMELKA ET AL., APPELLEES.

281 N. W. 628

FILED OCTOBER 7, 1938. No. 30371.

*Zacek & Nicholson,* for appellants.

*Robert G. Fuhrman, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

This is a law action, brought in the name of Thurston county by eight resident taxpayers, on behalf of themselves and of all taxpayers of School District No. 6, Thurston county, asking judgment against a school district treasurer and a surety on his bond in the sum of $1,500. At the close of the evidence, the court discharged the jury, dismissed the action, and the lien of an attachment upon certain property was discharged. Plaintiffs appeal.

The following facts, taken from the bill of exceptions, are not in dispute: James Chmelka was elected school treasurer for said district for the year beginning with July, 1927. In October of the same year he deposited $1,500 of school funds in the Liberty State Bank of Thurston. This bank had been closed by the Guaranty Fund Commission early in the year 1927, and had then been allowed to be reopened under certain restrictions. James Chmelka was not a stockholder nor an officer in the bank, and did not make the deposit arbitrarily, but it was made only after consultation with the other officers of the school district. Five months after the deposit was made, the Guaranty Fund Commission decided that the bank should not continue to remain open, even under restrictions, and in March, 1928, a receiver was appointed. On April 5, 1928, James Chmelka

filed a claim on behalf of School District No. 6 in the amount of $1,500, with $36.83 accrued interest, on certificate of deposit No. 809, dated October 21, 1927, and said claim was allowed. While the record is not clear as to what occurred at the annual school meeting in 1928, James Chmelka continued to act as school treasurer, but no new bond was given for such second year. In November of that year, being in failing health, he decided to go to California. A special meeting of the school board was called for November 20, 1928, when his resignation was accepted, and he turned his books and money on hand to his successor. In reference to the claim filed by him the year before for $1,536.83, he went to the county attorney of Thurston county, who drew up an assignment of the claim which he had filed, and he delivered such assignment drawn by the county attorney to his successor as school treasurer, who continued to carry in his book as cash on hand the money represented by the assignment of such claim.

This action is brought against James Chmelka, treasurer of School District No. 6, and William Jasa as one of the sureties upon the bond which he gave on July 16, 1927, which bond was in the sum of $6,000 and duly approved by the moderator and director of said school district. The other surety on the bond, William Korth, died some years ago, and his estate was fully settled and administered.

We find in the records a first dividend check from the assets of the insolvent bank, dated May 15, 1930, for $122.95, and a second dividend check, dated April 19, 1932, for $72.23, both of which are indorsed on the back by J. S. Rihanek, treasurer of School District No. 6, who testified that this matter was brought up at annual school meetings and voted upon, and the annual school meeting always voted against seeking this money from James Chmelka by a great majority. He also stated that there were certain taxpayers in the district who during all of that period demanded that the board of the school district take some action, but the board declined to do so, and finally this action was brought by certain taxpayers.

The ruling of the trial court in dismissing the case at the close of the evidence was based upon an oral motion made by the appellees, setting forth that the evidence was insufficient to support a judgment, and that it was clearly shown that James Chmelka did turn over all of the funds of the school district at the termination of his office. The motion further set out that the evidence failed to show any breach of the condition of the bond during the one year in which said bond was effective. The defendant William Jasa moved the court to dismiss the action as against him on the ground that the evidence fails to establish any breach of the condition of the bond prior to the 1st day of July, 1928, which was the maturity date of said bond. After argument the court sustained each of said motions.

This action was commenced on December 11, 1934, and would have been barred if it had been an action against said Chmelka for failure to turn over the money of the district, but this action is strictly an action upon the bond signed by Chmelka and Jasa, his surety, which bond terminated on July 1, 1928, the action, therefore, being that he deposited money in a bank which failed, and in that he failed to turn over the money to his successor, who was himself.

In this case James Chmelka was short in his accounts from the day on which the Liberty State Bank was adjudged insolvent. He was bound to pay over to his successor in office the amount represented by the certificate of deposit held by him, and this he did not do. He was bound to account to himself as successor the same as he would have accounted to another treasurer who might have been elected on July 1, 1928, as he is an insurer of the funds of said school district, and must pay the same over to his successor, which he did not do. It is the law that, when a man is re-elected to the same office, he changes his official personality; that each term of office is an entity separate and distinct from all other terms of the same man in the same office. *Thomssen v. Hall County*, 63 Neb. 777, 89 N. W. 389.

It is contended by the appellants that a school district

treasurer and his bondsman are liable for funds deposited in a failed bank, which liability became fixed at the end of the term in which the funds were lost.

The delivery of an assignment of a certificate of deposit in an insolvent bank by a school treasurer to his successor is not a payment, and will not relieve the outgoing treasurer, or the sureties on his bond, from liability. A school treasurer was required to pay over the money in his final settlement under the law then in force. *Cedar County v. Jenal,* 14 Neb. 254, 15 N. W. 369; *State v. Hill,* 47 Neb. 456, 66 N. W. 541; *Douglas County v. Broadwell,* 96 Neb. 682, 148 N. W. 930; *Bush v. Johnson County,* 48 Neb. 1, 66 N. W. 1023.

It may be that some of the later opinions of this court are not strictly in point with our decision, for in 1931 the legislature passed chapter 141, providing for making a bank a legal depository for school district funds, and under certain conditions a treasurer would not longer be liable on his bond for money lost in such depository bank. These sections became section 77-2525 to section 77-2527, Comp. St. Supp. 1933, but were repealed by chapter 5, Laws 1935, which chapter enacted a new law relating to the deposit of school district funds.

This court has recently held that a county judge was liable on his official bond for trust funds coming into his hands which he lost by reason of the insolvency of a bank in which he had deposited them, notwithstanding he may have acted in good faith and without negligence in the selection of such depository. *Knox County v. Cook,* 126 Neb. 477, 253 N. W. 649.

The appellees concede that this action was properly brought by taxpayers of the school district in the name of the county of Thurston, the obligee named in the bond as the nominal plaintiff. There is no contention in this case that a school district, by vote at its annual meeting or in any other way, has power or authority to forgive an indebtedness due to such district. *Ward v. School District No. 15,* 10 Neb. 293, 4 N. W. 1001, 35 Am. Rep. 477. There

is no dispute that James Chmelka became treasurer of the school district in July, 1927, or that he deposited $1,500 of his checking account in the Liberty State Bank in the form of a certificate of deposit, bearing date October 21, 1927, and that on March 10, 1928, the said bank was adjudged to be insolvent by the district court for Thurston county.

A school treasurer entrusted with funds of his district must keep them safely at his peril. He is an insurer of the funds in his hands, and if he deposits such funds in a bank and they are lost by the insolvency of the bank, that does not relieve the school treasurer from the duty of accounting for all public funds which were lawfully in his possession. This may be a harsh rule, but this highest standard of responsibility is based on public policy.

This court has thus reached the conclusion that the trial court erred in its findings, and the judgment of dismissal is hereby

REVERSED.