UNITED STATES FIDELITY & GUARANTY COMPANY, APPELLEE, V. MERTON O. BATES, APPELLANT.

296 N. W. 560

Filed February 28, 1941. No. 30959.

*W. M. Cook,* for appellant.

*Davis & Stubbs* and *James N. Ackerman, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by plaintiff, appellee here, against the defendant, appellant here, to recover on an indemnity agreement or agreements for loss claimed to have been sustained by appellee by reason of the fact that appellee claims that it was required to respond in the principal sum of $1,250 indemnity as surety on the bond of Merton O. Bates, county judge of Dawson county, the appellant, and was required to expend the sum of $257.80 for legal services, and $14.16 court costs, in an action against the appellant and appellee, the purpose of which was to recover for default on the part of the said Merton O. Bates as county judge in the sum of $2,000.

The facts are not in dispute in any substantial particular. Appellant was county judge of Dawson county for two terms. His first term began in January, 1925, and ended in January, 1929. The second term began at the expiration of the first and ended in January, 1933. As county judge appellant was required to furnish bond with sufficient surety thereon. The appellee was surety on the bond for the first term and also for the second term. Prior to the execution and delivery of the bond for the term beginning in January, 1925, appellant executed an application wherein he agreed to indemnify and keep indemnified the appellee from and against any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which the appellee should or might for any cause at any

time sustain, or incur, or be put to, for or by reason or in consequence of having entered into or executed the said bond. A like agreement was entered into prior to the execution of the bond for the second term of office.

During the first term of Merton O. Bates as county judge the matter of the estate of Charlotte B. Walker was pending in the county court of Dawson county. It became necessary to sell real estate belonging to the estate in order to pay the costs of administration and debts. License was obtained from the district court to sell the real estate which was the homestead of the deceased, Charlotte B. Walker.

The deceased, Charlotte B. Walker, left surviving her husband, William P. Walker, and several children; hence, there was a homestead exemption of $2,000 necessary to be set off out of the proceeds of sale of real estate to the surviving husband.

After sale the administrator made his report of sale to the county court, whereupon appellant as county judge ordered that $2,000 be paid into the county court, the said $2,000 being the homestead right of William P. Walker, there to be held during the lifetime of the said William P. Walker, and that interest should be paid thereon semiannually as earned. The order further provided that on the death of William P. Walker, the $2,000 with interest, if any, should be paid over to the children, heirs at law or legal representatives of Charlotte B. Walker named in her will. In the same order the accounts of the administrator were approved and the estate was closed.

The money in conformity with the order was paid into the county court by the administrator. Bates, county judge, placed the money in a bank and took certificates of deposit for the same, which certificates were, from time to time, turned in and marked paid, whereupon new ones were issued to him. The last one, representing the entire sum, was issued during the last term of office of Bates.

Some time after the expiration of the second term of Bates, William P. Walker died and the heirs of Charlotte B. Walker brought suit against appellant and appellee on the

bond hereinbefore mentioned on account of the failure of appellant to pay over to them the $2,000. The bank in which Bates had placed the money had failed and he was unable on that account to obtain the money from the bank.

The appellee herein in that case by stipulation agreed to a judgment against itself for $1,250 in full settlement of the claim for $2,000, which judgment was paid. Judgment was not taken against appellant.

This action is to recover back from the appellant under the indemnity agreement or agreements the $1,250, together with attorney's fees, court costs and accrued interest.

The case was tried to a jury, and at the conclusion of the evidence, on motion of plaintiff, the court instructed the jury to return a verdict in favor of plaintiff and against the defendant. A verdict was returned in conformity with the instruction. Judgment was entered on the verdict. Motion for new trial was duly made and overruled. From this judgment and the rulings of the court defendant appealed.

Appellant sets forth several grounds of error, but they do not call for separate discussion. An analysis of the record causes us to conclude that but two propositions require consideration.

First, appellant contends that the suit should have been instituted, if ground of action existed, on the bond for the first term of office rather than the one for the second term, since the loss occurred during the first term.

This contention of appellant is not tenable. This court determined adversely to appellant on this question in the recent case of *Thurston County v. Chmelka,* 138 Neb. 696, 294 N. W. 857. In this opinion other cases on this subject are collected. In this case the court said:

"When an officer, charged with the custody of public funds, serves successive terms, the sureties upon the bond for the second term become *prima facie* responsible for such balance of the previous account as is chargeable to their principal, the presumption being that the officer has received in his new official capacity that which it was his

duty to pay in his old, and that he has on hand all the funds with which he is chargeable."

In the case at bar there is no evidence to rebut the presumption that Bates received in his new term the $2,000 in question which had come into his hands during the old. In fact the evidence shows that the last certificate of deposit representing the $2,000 was issued to appellant on May 1, 1929, which was approximately four months after the commencement of appellant's second term of office.

The second proposition is the one requiring a determination of whether or not the $2,000 was received by appellant by virtue of his office, or *ex officio*, since the obligation of the bonds signed by the appellee herein was for the purpose of guaranteeing that Bates, as county judge, would pay over to the party or parties entitled thereto, or his successor in office, all money coming into his hands by virtue of his office. Appellant contends that he did not receive the money by virtue of his office.

If the money in question herein was not received by appellant by virtue of his office there was no liability on the bonds signed by the appellee. A long line of decisions holds that sureties on official bonds do not undertake to answer for acts done by their principal under color of office, but only for acts done by virtue of office. *Huffman v. Koppelkom,* 8 Neb. 344; *Ottenstein v. Alpaugh,* 9 Neb. 237, 2 N. W. 219; *State v. Moore,* 56 Neb. 82, 76 N. W. 474; *State v. Porter,* 69 Neb. 203, 95 N. W. 769; *Snyder v. Gross,* 69 Neb. 340, 95 N. W. 636; *Stephens v. Hendee,* 80 Neb. 754, 115 N. W. 283. The same authorities also announce the rule that for all wrongful acts or omissions of a public officer within the limits of what the law authorizes or enjoins upon him as such officer his sureties are liable.

In support of the contention of appellant it is urged that the $2,000 in question, being the homestead exemption, was in no manner a part of the assets of the estate of Charlotte B. Walker, deceased, to be administered in the probate court. This is, without question, a correct statement of the law. *In re Hadsall,* 82 Neb. 587, 118 N. W. 331; *Naiman v.*

*Bohlmeyer,* 97 Neb. 551, 150 N. W. 829; *Dillon v. Dillon,* 103 Neb. 322, 171 N. W. 917. These cases, however, do not deal with the question of distribution of the fund representing the homestead or mechanics of distribution by the person making the sale but only with the determination of the right to the proceeds of sale.

If, instead of delivering the money to the county judge, as was done, the administrator had made the sale, paid over to William P. Walker, or some one entitled to receive it for him, the $2,000 and had properly reported the disposition to the county court, such action would have been regular. Moreover, the county court would have been without power or jurisdiction to direct any other or different action on his part. This he did not do. He reported the sale and turned the money into the county court. The county court took possession of and retained it under specific order of record in the probate proceedings.

If this order was void, then there was no liability on the bond of the county judge, and in consequence no liability on the indemnity agreement which is the basis of this suit. The rule is otherwise if the order was merely erroneous. The rule is stated in *Wheeler v. Barker,* 51 Neb. 846, 71 N. W. 750, as follows:

"The question is not, however, whether the order upon the administrator was erroneous, but whether it was void. If it was void, the payment into court afforded no protection to the administrator, and the judge did not receive the money in his official capacity. If it was erroneous merely, it bound all parties until reversed, affording protection to the administrator against further liability, and the receipt of the money by the judge was an official act, performed by him in his ministerial capacity as clerk of his own court."

In that case the county judge received moneys belonging to heirs and failed to account for them. In defense of liability on the official bond of the county judge it was urged, as in the case here, that it was the duty of the administrator to distribute funds in his hands; that he has no authority to pay into court; that the county judge has no au-

thority to receive funds; and that the money not having come into the hands of the county judge in his official capacity, there was no liability. Responding to the contention this court said:

"The county court had general jurisdiction over the administrator and the settlement of the estate. It was the duty of the court to ascertain to whom the money should be distributed, and a direction to pay to the wrong party was a judicial error, and not an usurpation of jurisdiction."

The same rule is announced in the case of *Ericsson v. Streitz*, 132 Neb. 692, 273 N. W. 17. There this court said:

"He having acted within the scope of his authority as county judge, his actions were by virtue of his office, even though he may have exercised that authority irregularly. We conclude that the funds involved herein were received by appellant Streitz in his official capacity as county judge."

That the county judge had jurisdiction to act with reference to the $2,000 involved in this case is supported by a line of decisions of this court, which specifically hold that the county court of the county in which an estate is settled has jurisdiction to assign the homestead when the facts upon which the right of homestead depends are not in dispute. *Guthman v. Guthman*, 18 Neb. 98, 24 N. W. 435; *Brandhoefer v. Bain*, 45 Neb. 781, 64 N. W. 213; *Clemons v. Heelan*, 52 Neb. 287, 72 N. W. 270; *Tyson v. Tyson*, 71 Neb. 438, 98 N. W. 1076. The facts upon which the right of homestead in this case depends are not in dispute.

We hold then that appellant herein received the $2,000 in question by virtue of his office as county judge.

The statute (Comp. St. 1929, sec. 27-546) required appellant, upon expiration of his term of office, to pay to his successor in office all legacies, devises, or moneys due any heir or other person, in his possession, which had not been paid to the persons entitled thereto. *Ericsson v. Streitz, supra.* That he failed to do so is not questioned. His bond was given to guarantee performance of this statutory duty. In his indemnity agreement he agreed to repay his surety, the appellee, any sum or sums of money which it was re-

quired to pay out by reason of his failure to fulfil his statutory duty and the obligation of his bond.

Therefore, there being no showing that the failure of appellant resulted from act of God or the public enemy (*Knox County v. Cook,* 126 Neb. 477, 253 N. W. 649; *Ericsson v. Streitz, supra*), and it being the long established doctrine of this court that state and county officials are liable on their official bonds for loss of any funds committed to their care, except where the loss is occasioned by the act of God or the public enemy (*Knox County v. Cook, supra; Ericsson v. Streitz, supra; Thurston County v. Chmelka,* 135 Neb. 342, 281 N. W. 628; *Garfield County v. Pearl,* 138. Neb. 810, 295 N. W. 820), on the failure of appellant to pay over the $2,000 to his successor or the persons entitled thereto his liability and that of his surety on his bond became absolute. In consequence then, the surety having paid $1,250, together with attorney's fees and costs, on account of the default of appellant for the loss, it is entitled to recover under the terms of the indemnity agreement.

The judgment of the district court is in all matters correct and is affirmed.

AFFIRMED.